[No. 3,682.]

IN THE MATTER OF THE ESTATE OF JAMES BALLEN-
TINE, DECEASED.

HOMESTEAD.—The Probate Court must set apart, for the use of the widow
   or minor child or children of the deceased, a homestead, if an application is
   made therefor, and if none had been selected before his death. The Court
   has no discretion to deny the application.
WORD "MAY" IN LAWS.—The word "may," as used in the one hundred and
   twenty-first section of the Act concerning the estates of deceased persons, is
   to be construed as "shall."

APPEAL from the Probate Court of the City and County
of San Francisco.

James Ballentine died May 13th, 1872, leaving a widow,
Sarah Ballentine, a son, James H. V. V. Ballentine, a
daughter, Jane M., wife of Samuel Jaques, and like-
wise the widow and minor children of a deceased son,
John P. A. Ballentine, who had died about one month
prior to his father. Mrs. Jaques resided in New York
City. By his will, made December 9th, 1871, James
Ballentine made his widow his sole executrix, declared that
his property was all common property, and devised to the
widow his personal property, and one half of the common
property, being the half to which the will says she was en-
titled by law. She was directed by the will, at the end of
two years, to sell all the real estate, and retain one half the
net proceeds, and pay the other half to his three children,
share and share alike. The will was probated on the peti-
tion of the widow, and letters testamentary issued to her,
July 8th, 1872. The real estate belonging to the estate,
lying in San Francisco, was appraised at thirty-two thousand
one hundred dollars. There was a house on the land, which
had been occupied by the deceased and his family as a resi-
dence before his death, and the widow continued to occupy
it after his death. August 22d, 1872, she applied to the

Probate Court to have this residence set apart to her as a homestead, for her sole use and benefit. Commissioners were appointed, who selected as a homestead the lot on which the widow resided, and the Court, on the 23d day of September, 1872, confirmed their report. October 5th, 1872, Mrs. Jaques and her husband moved to vacate the order declaring the widow entitled to a homestead, because:

"First—That no real estate of said deceased was ever in his lifetime constituted or declared a homestead.

"Second—That it is contrary to the terms and manifest intent of the will of said deceased that any portion of his real property should be set apart to his said widow as her homestead, and exempted from administration as a part of his estate.

"Third—That said widow having proved said will, obtained letters testamentary thereon, and accepted the provisions made in her behalf therein, and now acting and claiming thereunder, has made her election, and is now estopped from claiming anything contrary to the provisions and intent of said will.

"Fourth—That the said widow is not entitled by law to such homestead.

"Fifth—That if the setting apart of such homestead is within the discretion of this Court, this Court ought to reject said widow's application therefor as inequitable and unjust to the children of said deceased."

The Probate Court was of opinion that it had no discretion in the matter, and denied the motion, and entered a final decree setting apart the homestead, from which Mrs. Jaques and her husband appealed.

*James B. Townsend,* for Appellants.

The Probate Court did not consider that it had any right to inquire into the fact whether the property which it set

apart was of that character which could have been made a homestead by the deceased in his lifetime, nor whether, in point of fact, it could have been or ever was used as such homestead in the lifetime of said deceased, both of which facts this Court has held must exist. (*Estate of Delaney*, 37 Cal. 179, 180; *Kingsley* v. *Kingsley*, 39 Cal. 666, 667.)

The probate of said will by said widow, her acceptance of letters testamentary thereon, and acting thereunder, ought to be held to estop and preclude her from taking any step which would defeat it.

*George Hudson* and *J. P. Treadwell*, for Respondent.

There is a provision of the statute under which the proceedings setting apart the homestead were taken that precludes the appellants' construction of it. Section fifteen of Act of April 4th, 1870 (Stats. 1869–70, p. 798), provides that: "In proceedings under this Act (to set apart a homestead in the Probate Court), the following persons shall be deemed interested, namely: heirs, in case of intestacy, devisees, taking the interest of the estate in the homestead property; legatees and creditors, for the payment of whose claims the said interest is, in the judgment of the Court, likely to be required." Thus, it is plain that the statute itself contemplates and provides that the interest or estate of the devisee under a will is subject to be defeated in whole or in part by having the homestead set apart out of the estate, notwithstanding a will otherwise disposing of it.

By the COURT:

There was no error in the order of the Probate Court setting apart a homestead for the use of the widow. Section one hundred and twenty-one of the Probate Act, as amended in 1870 (Stats. 1869–70, p. 400), provides that "the Court or Probate Judge may, of his own motion or on application,

set apart, for the use of the husband or wife, or the minor child or children of the deceased, all personal property which is by law exempt from execution, and the homestead as designated by the general homestead law, or by section one hundred and twenty-four of this Act." Section one hundred and twenty-four provides that there shall be set apart for the use of the widow or minor child or children: "Fifth, the homestead, consisting of any quantity of land not exceeding twenty acres, and the dwelling house thereon, with its appurtenances, not being included in any incorporated town or city; or instead thereof, a quantity of land not exceeding one lot, in any incorporated town or city, and the dwelling house thereon, and its appurtenances, to be selected by the widow, or if there be no widow, to be designated by the Probate Judge, and not to exceed in any case more than five thousand dollars in value."

The words "may set apart," as used in the one hundred and twenty-first section, do not leave the matter to the discretion of the Probate Judge. Clearly it was not intended to leave to his discretion the question whether or not the personal property exempt by law from execution, or the homestead selected under the provision of the general homestead law, should be set apart; and we see no more reason to suppose that it was intended he should exercise a discretion in reference to setting apart the homestead to be selected under the provisions of section one hundred and twenty-four. The word "may," in public statutes, is often used for must or shall, and is construed imperatively.

We are of the opinion that whenever a proper application is made under this statute for the setting apart of a homestead, "may" is to be construed as "shall," and the Court has no discretion to refuse the application.

Order affirmed.