### ESTATE OF E. F. RONDEL.

No. 4714—Nov. 30, 1874.

HOMESTEAD ALLOTTED BY DECREE OF PROBATE COURT.—MORTGAGE LIEN THEREON.

Where the Probate Court has allotted a lot of land to the widow and family of the deceased as a homestead, it loses jurisdiction of the property and can make no order looking to the subjection of the lot to the payment of a mortgage lien thereon. Such lien holder must pursue his remedy by foreclosure in the proper Court.

Construing sections, C. C. P., 1465, 1486.

*L. Quint*, for the widow.

*R. W. Hent*, for B. J. Shay.

Deceased left a widow and three minor children surviving him. Deceased and his family had for some years prior to his death occupied a house and lot as a residence, and his family have continued such occupation to the present time. The property is of the value of about $2,500; and there is no other property except some household furniture, and a small lot on Bernal Heights valued at $100. Deceased in his lifetime mortgaged the residence to secure his promissory note; the note came due in his lifetime, was presented to the administratrix and allowed, and the allowance has been approved. The amount now due is in excess of the value of the mortgaged premises. B. J. Shay is the assignee and present holder of the note and mortgage. No declaration of homestead was made in the lifetime of deceased. Mr. Shay commenced an action in one of the District Courts to foreclose the mortgage. The widow answered, pleading the statute of limitations in bar. That action is still pending,

awaiting the trial.   Shay then made application to this Court for an order that the mortgaged premises be sold and the proceeds applied towards the payment of his debt.   The widow resisted the application, on the ground of the pendency of the foreclosure suit, and applied to have the premises set apart to herself and children as a homestead.   The holder of the mortgage resisted this application of the widow, upon the ground that no proceedings could be had affecting his lien, and that pending his motion for a sale, no homestead could be set apart.

The Court overruled his objections, and made a decree setting apart the premises to the widow and children as a homestead.   The application for an order of sale was continued for further consideration.   Afterwards, Nov. 25, 1874, the said application for order of sale came on for hearing, and said Shay urged that he had a right to the order of sale, notwithstanding the homestead order.   After hearing the parties, the Court is of opinion that the family of deceased were entitled to have a homestead set apart to them out of some of the real estate of deceased fitted for the purpose (estate of Ballentine, 45 Cal., 696); that the fact of the existence of a mortgage does not take away that right; that the premises in question were the only premises belonging to the estate fitted for a homestead; that the decree setting apart the premises as a homestead did not and could not affect the lien of the mortgage so far as concerns the holder's right to foreclosure, but that the lien could be enforced only in a court having jurisdiction of foreclosure; that the decree absolutely removed the property from the assets of the estate, and from the further jurisdiction of this Court; that the statute of limitations may not have run, after the presentation of the debt, so far as concerns proceedings in this Court to enforce its payment out of other assets of the estate should any be discovered; but whether that statute will bar his remedy by foreclosure, will be for the District Court to determine.   If he has permitted the statute to bar his foreclosure, he has but himself to blame.

The application for an order of sale is denied.   Let an order to that effect be entered.