[No. 4796.]

In the Matter of the Estate of GEORGE McCAULEY.

Probate Court may select Homestead.—When no homestead has been selected during the lifetime of the deceased husband, the Probate Court may set one apart for the use of the widow, and may, since the amendments of 1874 to the Code of Civil Procedure, adopt a manner of doing so.

Idem.—If, in such case, the property to be set apart as a homestead is incumbered by mortgage liens, and cannot be partitioned without material injury, the Probate Court may direct it to be sold subject to the liens of the mortgages, and the homestead to be set apart out of the proceeds.

Order setting aside Homestead does not destroy Liens.—The statute requiring the Probate Court to set apart a homestead for the surviving husband or wife, does not declare that the order setting apart the same shall destroy or impair any lien on the property, and such order does not have that effect, even if the Legislature has the constitutional power to destroy such liens.

Appeal from the Probate Court, County of Santa Clara.

George McCauley died, testate, before March, 1875, and letters testamentary were issued to his widow, Susan McCauley, on the sixth day of said month. Before his death, he gave three mortgages on a tract of land occupied by himself and family. He left five minor children. After letters had been issued, the Probate Court made an order appointing three appraisers to appraise the estate of the deceased, and directed, in the order, that they appraise the premises occupied by the deceased and his family as a homestead, and that if they found the premises exceeded in value $5000, they should determine whether they could be divided without material injury, and report to the court; but if they found that the premises could be so divided, that they admeasure and set apart such portion of the premises, including the dwelling-house, as would amount in value to $5000, and so report to the court. The persons thus appointed appraised the premises at $14,396.63, and reported that they could not be divided without material injury. The report was filed March 24, 1875. On the 27th of March following, the widow petitioned the Probate Court to have the land sold and to have $5000 of the proceeds set apart as a

homestead, and the remainder distributed among the parties entitled thereto. No homestead had been selected during the lifetime of the testator. The mortgages on the property exceeded $10,000. The court made an order for the sale of the land subject to the liens of the mortgages, and for setting apart a homestead to the widow out of the proceeds. The widow appealed from the order in so far as it failed to allow her $5000 out of the property free from the liens on it.

The other facts are stated in the opinion.

*Collins & Burt*, for the Appellant, argued that as the statute allowed the Probate Court to set aside a homestead free from the general debts of the estate, when one was set aside it was free from liens existing on it, and that the widow was therefore entitled to $5000, even if to give her that sum impaired the mortgages.

*Moore, Laine & Delmas*, for the Respondent, argued that, by the amendments of 1874 to the Code of Civil Procedure, the right of the Probate Court to set aside a homestead had been annulled, and that the Probate Court had no power to annul liens created by the testator.

By the COURT:

It is provided by section 1465, Code of Civil Procedure, that if no homestead has been selected, designated and recorded, the court must select, designate, set apart and cause to be recorded a homestead "in the manner provided in Article II of this chapter, out of the real estate belonging to the decedent." By the amendments of 1873-4 to the Code of Civil Procedure (section 180), those sections of Article II, which provided the mode for the setting apart of a homestead where none had been selected, were repealed. The Code of Civil Procedure, however, contains the following provisions:

"SEC. 187. When jurisdiction is, by this Code or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given, and in

the exercise of the jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted, which may appear most conformable to the spirit of this Code."

The 1465th section, above cited, gives the right to have a homestead set apart, and confers upon the court the power to act in the premises, and cause a homestead to be selected and set apart for the use of the persons entitled thereto. The mode of proceeding adopted by the court in this case appears to be both suitable and proper. (See *Mawson* v. *Mawson*, ante, p. 539.)

It was found that the property from which it was sought to select the homestead was subject to three mortgages, executed by the testator; that the land exceeded $5000 in value, and that it was incapable of partition without material injury; and it was ordered that the property be sold, subject to the liens of the mortgages.

The appeal is taken from that portion of the order requiring the property to be sold, subject to the mortgage liens. The section of the Code requiring the court to set aside a homestead (Sec. 1465) does not provide that it shall be set aside clear and free from all incumbrances; does not declare that the order setting apart the homestead shall destroy or in any manner impair any lien upon the property; nor does any provision of the Code, to which our attention has been directed, so declare. Even assuming that such an act would be free from objections of a constitutional character, yet in the absence of an express provision to that effect, or of provisions clearly showing that such was the intent of the Legislature, we would not be justified in holding that the setting apart of a homestead destroyed or impaired the lien of a valid mortgage executed by the testator.

Order affirmed.