[No. 8,454. Department Two.—February 26, 1884.]

ESTATE OF JOSEPH M. LORD, DECEASED, MARY
LORD, APPELLANT, v. VIRGINIA A. LORD, ADMINIS-
TRATRIX, ETC., RESPONDENT.

ESTATES OF DECEASED PERSONS—HOMESTEAD—COMMUNITY PROPERTY.—On the
death of a husband, the homestead to be set aside for the benefit of the surviv-
ing wife, under the provisions of section 1465 of the Code of Civil Procedure,
should be selected by the court from the community property, if there be
any, and not from the separate property of the husband.

APPEAL from an order settling the first annual account of an
administratrix, and from an order refusing to set aside an order
allowing the widow of deceased five thousand dollars in lieu of
a homestead, and in refusing to charge her with that sum in
settlement of her account. The facts are stated in the opinion
of the court.

*Sawyer & Ball*, for Appellant.

*Fox & Ross*, for Respondent.

MYRICK, J.—The deceased died intestate, leaving a widow
him surviving, who became administratrix. His mother (the
appellant) is his only other heir. The widow filed a petition
that a homestead be set apart to her, none having been selected,
designated, or recorded in the lifetime of the intestate. She
petitioned the court to set apart three parcels of land, viz.:
First, containing 115.98 acres, being farm land. Second, con-
taining 20 acres, being farm land, and third, containing 1,055
acres, being swamp land. Her petition set forth that the said
lands were mortgaged for $5,000, on which some interest had
accrued; that the two first described tracts were community
property, and had a dwelling-house and other improvements
thereon; that the third described piece of land was the separate
estate of the intestate; that the entire property was not worth
to exceed $5,000 above the mortgage; and that it had been
appraised in the inventory of the estate at $9,571.

The petition prayed that the two first parcels be set aside as
a homestead, or in case a partition could not be made that the
whole be sold, and out of the proceeds a homestead be set aside.
Appraisers were appointed by the court, who reported the value
of said lands, being three several tracts as stated in the petition,

at $9,571; that the first described tract had a dwelling-house with other improvements; that the two parcels first and secondly described were common property, and the piece thirdly described was separate property of decedent; that the premises could not be divided without material injury, and that the whole is encumbered with a mortgage for $5,000 and some interest. Thereupon the widow filed another petition, setting forth the matters contained in her first petition, the fact of the appraisal, and that the property could not be divided without material injury, and prayed for a sale of the property, and that out of the proceeds she be allowed $5,000 in lieu of a homestead. The court fixed a day for the hearing of the petition, and after hearing evidence, found the facts as above, among others, that the first two described parcels were community property, and the other separate property of the deceased, and ordered the property to be sold in one parcel subject to the mortgage, and that out of the proceeds, $5,000, if so much should result, be set apart and designated as a homestead for the said widow, and that she retain the same for that purpose as her own property. A sale was made for $5,444.20, cash, subject to the mortgage; and the sale was confirmed and a conveyance made. The administratrix filed her account, in which she charged herself with $444.20 of the proceeds of said sale, and omitted to charge herself with the $5,000. The appellant contested the settlement of the account; and her objections being overruled, this appeal was prosecuted.

We have given the above full statement of facts, in order to more clearly state the law applicable thereto.

The statute is clear, that if a homestead has been declared in the life-time of the deceased, and if it be appraised at more than $5,000, and cannot be divided, the whole may be sold, and $5,000 of the proceeds be set apart in lieu of the homestead claim. Evidently the widow supposed the same course could be taken when no homestead had been declared, upon her petition for what is called a probate homestead; and the court below seems to have agreed with her. It is not necessary, in this case, to decide that question, and we omit to do so.

The proceedings in this case, from and after the report of the appraisers, were irregular, and we very much doubt if any title

passed to the purchasers. Referring to section 1465 of the Code of Civil Procedure we find the direction, if no homestead has been selected, designated, and recorded, the court must select, designate, and set apart, and cause to be recorded, a homestead, for the use of the surviving husband or wife or children (as the case may be) out of the common property, or, if there be no common property, then out of the real estate [separate property] belonging to the decedent. The selection must be made from the common property, if there be any; it can be made from the separate property only in case there be no common property. The statute, in this regard, is clear and explicit, and admits of no question. The petition of the widow stated that the first two described parcels of land were common property, and that the third was the separate property of the decedent, and this is shown in all the subsequent proceedings. It appeared, then, on the face of the petition, and the subsequent proceedings, that the court had no jurisdiction to set apart a homestead out of, or to include within a homestead a third parcel. If the court could not set apart the third parcel, it certainly could not sell it for homestead purposes. This is clear, to a demonstration. The sale was not made to pay debts; its object is distinctly stated.

Again, the petition states that the real estate consists of three parcels, giving the acreage of each, the first two being farming lands, and having on one of them the dwelling-house and improvements, and the third being swamp land, and the appraisers so report, and the court so finds; yet, the court finds and adjudges that these separate parcels could not be divided. Were it not for the allegation of the petition and the statement in the findings, we might be bound by the findings of the court that they could not be divided; but with the allegation of the petitions and the facts as found, we cannot see how the conclusion at which the court arrived could have been supported by the evidence. It seems to us that the only bond between the three parcels is, the mortgage over all, which is not a controlling element in making a homestead selection.

A proper course for the court below to have taken would have been to proceed on the first petition to set apart a homestead out of or embracing the common property, which would

have been subject to the mortgage; and the widow would then have been in condition to ask a sale of the balance of the property, and the application of the proceeds to the payment of the mortgage under section 1475 of the Code of Civil Procedure, or in case of foreclosure, to ask that the mortgaged property not set apart be first sold, and the proceeds applied, leaving the homestead liable for the balance only.

We suggest (and this is a suggestion merely) that, as the estate is still in process of administration, the court below may save the rights of the parties, including the purchasers, by setting aside all proceedings subsequent to the first petition, and let the money paid by the purchasers be returned, and then proceed to set aside a homestead according to law.

The proceedings in this case were taken under section 1465 of the Code of Civil Procedure, as amended in 1880. This section received a legislative construction in harmony with the views we have above expressed, by the amendment of section 1468, approved February 19, 1881, wherein it is provided that where separate property is set apart, it is set apart for a limited period only, the title vesting in the heirs subject to the order setting apart.

The order is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

SHARPSTEIN, J., and THORNTON, J., concurred.