ESTATE OF RICHARD T. MAXWELL, DECEASED.

[No. 2,625; decided March 10, 1884.]

Homestead.—The Probate Court must, upon proper application, set apart to the widow a homestead, if none has been selected during the lifetime of the decedent. It has no discretion in the premises.

Homestead.—It does not Impair or Diminish the Right of the Widow to have a homestead set apart that there are no minor children.

Homestead.—Even if the, Testator Devises His Entire Estate, which was separate property, his widow will still be entitled to a homestead.

Homestead.—If a Homestead is Selected from the Separate Property of the decedent, the court can set it apart only for a limited period, to be designated in the order.

The above-named decedent left certain real property in Napa county.

Two days before his death he entered into what he supposed to be a valid marriage with a woman who called herself Miss Elena Donnelly.

After his death a sister of the deceased claimed that Miss Donnelly had a husband living at the time she entered into the pretended marriage with decedent, and that in consequence such marriage was void. This marriage, however, is immaterial here, as this fact, if it existed, had not been discovered at the time of the application for a homestead.

On October 30, 1883, Mrs. Elena Maxwell, alleging herself to be the widow of the decedent, filed an application that a homestead be set apart to her out of this Napa property.

Appraisers were appointed to select the homestead, which they did, appraising it at $5,000.

Previous to this alleged marriage with the applicant, the decedent had been married and divorced. In the matter of this divorce the parties settled their property rights, which settlement was made a part of the divorce decree.

By the terms of this settlement Mrs. M. W. Maxwell, the divorced wife, released all claim to the testator's property, and he agreed to pay her $125 per month during her life. and as security for such payment executed a mortgage upon his Napa property.

The testator left a will, in which it was provided that the monthly income from the property, after payment of this charge of $125 per month upon it, should be equally divided between Miss Donnelly and one Miss Margaret McKenzie.

On January 28, 1884, Miss McKenzie filed a contest to the application for a homestead, alleging the above facts in regard to the charge of $125 per month upon the property, and that she was a legatee, and further that there was no issue of the marriage of Miss Donnelly with the testator, and that the Napa property was his separate estate, that the applicant and decedent never lived upon the land or occupied it as a homestead, and that it was of greater value than $5,000; that the portion selected as a homestead was the most valuable portion of the property, and that the income from the remainder was insufficient to pay the monthly allowance to Mrs. M. W. Maxwell.

On January 19, 1884, the executors also filed objections to the application, alleging that it was the desire of the decedent that the lands should not be sold.

On March 14, 1884, the court made an order setting apart a homestead to the applicant during her widowhood.

T. I. Bergin, for applicant, Mrs. Elena Maxwell.

Daniel Rogers, for executors, in opposition.

A. F. Morrison, for Miss Margaret McKenzie, legatee, also in opposition.

COFFEY, J. There is a proper petition before the court. If there were a defect of signature, it was cured under the Code (Code Civ. Proc., sec. 473.) by leave of the court.

The evidence of Appraiser Cornwell, a highly respectable citizen and property owner of Napa county, entirely disinterested and perfectly conversant with the circumstances of the Maxwell Ranch, is clear that the land selected can be segregated without detriment to the rest of the ranch, or impairment of any right in others than the applicant here.

This court must, upon proper application, set apart to the widow a homestead, if none has been selected in lifetime of decedent. The court has no discretion to deny the

application: Estate of Ballentine, 45 Cal. 699; Estate of Mc-Cauley, 50 Cal. 546; Mawson v. Mawson, 50 Cal. 539.

It does not impair or diminish the right of the widow that there be no minor children. The homestead is to be set apart to the survivor. It is immaterial that the petition be on behalf of the widow alone. It could not here be otherwise. Her status is that of the "surviving wife" (Code Civ. Proc., sec. 1465). If a testator devised his entire estate —his separate property—his widow would still be entitled to a homestead: Estate of Moore, 57 Cal. 443.

If the property set apart be selected from the separate property of the decedent, the court can only set it apart for a limited period, to be designated in the order: Code Civ. Proc., sec. 1468; Estate of Lord, 2 West Coast Rep. 131; Lord v. Lord; 65 Cal. 84, 3 Pac. 96.

It is suggested that there is a crop of wheat sown on the land. The crop should be reserved.

Application granted.

The Principal Case is followed in Estate of Tate, post, p. 217.