ESTATE OF ROBERT N. TATE, DECEASED.

[No. 5,084; decided February 24, 1887.]

**Homestead.**—A Widow Without Minor Children is Entitled to have a homestead selected and set apart by the court out of decedent's separate estate, there being no community property.

**Homestead.**—The Court must Set Apart a Homestead upon the application of a widow, if none has been selected in the lifetime of the deceased spouse. There is no discretion in the matter.

**The Right of the Surviving Spouse to a Homestead** in separate estate of the decedent is limited to an estate for years, for life, or until the happening of some event, as the marriage of the survivor, as may be decreed by the court. But the exercise of the court's power is limited by a sound discretion acting upon the circumstances of the particular case; if the survivor is young and likely to remarry, a limitation for life might be indiscreet, otherwise where she is of an advanced age.

**Homestead.**—The Purpose of the Statute in Giving a Homestead right to the surviving spouse out of the decedent's separate estate is to provide a home for the survivor, which no one can touch; merely depriving the survivor of the power of alienation.

J. A. Hosmer, for applicant, Margaret E. Tate.

W. C. Burnett, opposed.

COFFEY, J.   This is an application by Margaret E. Tate, surviving widow of Robert N. Tate, deceased, for an order of court setting apart to her absolutely, as and for a homestead, a certain piece of real property mentioned in the estate of said deceased, situated on Post street, between Broderick and Baker, particularly described in her petition, with the dwelling · and improvements thereon. This property is appraised at the aggregate value of $4,550.  The petitioner claims the same as community property, and by virtue of having a homestead declared thereon in the lifetime of said Robert N. Tate, which declaration of homestead complying substantially with the provisions of the Civil Code of this state, was recorded on the first day of May, 1883, in the recorder's office of the city and county of San Francisco. The application is contested by a daughter of said deceased, on the ground that it was not community property, but the

separate property of the deceased, Robert N. Tate, and on the further ground that being separate property the widow, having no children by the deceased, is not entitled to a homestead out of his separate estate.

After a patient hearing of the case in open court, and a careful reading and examination of the able briefs presented by the respective counsel, and of the documentary evidence of a very voluminous character which was submitted to the court, I am unable to come to the conclusion that it was community property. Upon the whole, after a complete survey of the situation of the parties, and of the history of the accumulations of the deceased, I am of the opinion that the property was his separate estate. This being the court's deduction from the facts as presented by the evidence, the remaining question is, whether a widow without minor children is entitled to have a homestead set apart to her out of the separate estate of her deceased husband.

This question has been decided in this court in the Estate of Richard T. Maxwell, Deceased, No. 2,625 [ante, p. 126], in an application in a proceeding wherein Elena Maxwell, the widow, applied for an order setting aside a homestead out of the separate estate, the fact being that there were no minor children. The counsel who participated in the argument of that case were T. I. Bergin, Esq., for the applicant; Daniel Rogers, Esq., for the executors in opposition; and A. F. Morrison, Esq., for a legatee, also in opposition. Each and all of these counsel argued the point involved in the application elaborately, and thoroughly covering the entire ground, so that the court has, in addition to the advantage of the argument in this present proceeding, the benefit of former argument and of its own examination, and the court has seen no reason to recede from its ruling in that case.

This court must, upon proper application, set apart to the widow a homestead, if none has been selected in the lifetime of the deceased. The court has no discretion to deny the application: Estate of Ballentine, 45 Cal. 699; Estate of McCauley, 50 Cal. 546; Mawson v. Mawson, 50 Cal. 539.

In the present case the application is founded upon a statutory declaration of homestead, which, operating upon

(separate) property appraised at not more than $5,000, should be the subject matter of the court's decree. The power of the court is limited by a sound discretion acting upon the circumstances of the particular case. The fee passes to the heirs, in this case the petitioner and the applicant, in equal shares, with a limited estate as a homestead in the surviving widow, which would be for years, for life, or until the happening of some event, as the marriage of the widow. As the counsel for the applicant says, the purpose of the statute undoubtedly is to provide a home for the widow which no one can touch, depriving her of the power of alienation merely.

It does not impair or diminish the right of the widow that there be no minor childen. The homestead is to be set apart to the survivor. It is immaterial that the petition be on behalf of the widow alone. It could not here be otherwise. Her status is that of the "surviving widow": Sec. 1465 (Amdt. 1881); Estate of Lord, 2 W. C. R. 131 (Lord v. Lord, 65 Cal. 84, 3 Pac. 96).

If the petitioner were young, and likely to remarry and obtain a home and support by that act, a limitation for life might be indiscreet, but considering her age—she is now sixty-two—her domestic condition, and the probability that the condition will not be modified by marriage, the court is of opinion that she is entitled to have a homestead set apart for life, and it is so ordered. Let an order be drawn accordingly.

The Principal Case affirms the decision in Estate of Maxwell, ante, p. 126. The duty of the court to set apart a probate homestead when a proper application therefor is made is imperative. It has no discretion to refuse the application, but must grant it, for the words "may set apart," as employed in the statute, are construed "must set apart": Demartin v. Demartin, 85 Cal. 71, 24 Pac. 594; Tyrrell v. Baldwin, 78 Cal. 470, 21 Pac. 116; Estate of Burton, 63 Cal. 36; Ballentine's Estate, 45 Cal. 696; Estate of Walley, 11 Nev. 260; Estate of Syndegaard, 31 Utah, 490, 88 Pac. 616. In case there are no children the surviving spouse, nevertheless, has a right to a homestead: Estate of Armstrong, 80 Cal. 71, 22 Pac. 79; Kearney v. Kearney, 72 Cal. 591, 15 Pac. 769.

When a Probate Homestead is Selected from the separate estate of the decedent, the court can set it apart for a limited period only. The remainder in fee vests in the heirs, even to the exclusion of devisees named in the will. They take a vested estate, which may be aliened by them voluntarily or by judicial sale. Only the homestead is exempt; their interest in the property is subject to the claims of creditors of the decedent, and may be ordered sold to pay a family allowance made to the widow: Estate of Tittel, 139 Cal. 149, 72 Pac. 909; McHarry v. Stewart (Cal.), 35 Pac. 141; Lord v. Lord, 65 Cal. 84, 3 Pac. 96; Estate of Schmidt, 94 Cal. 334, 29 Pac. 714.