[No. 12313.  In Bank. — February 20, 1888.]

R. R. BROWN, RESPONDENT, v. L. F. STARR ET AL., APPELLANTS.

75  163
e146 744

HOMESTEAD — APPRAISEMENT — APPEALABLE ORDER — SPECIAL ORDER AFTER FINAL JUDGMENT. — A proceeding to have a homestead appraised at the instance of a judgment creditor is not a proceeding in the case in which the judgment was rendered. And therefore the orders in such proceeding are not appealable as "special orders made after final judgment."

ID. — FINAL JUDGMENT. — Where the appraisers report that the property is of a certain value, and the court remands the matter back to them with instructions to make division of the property, and refuses to give any other instructions, the order does not amount to a final judgment. There is no final judgment until the confirmation of the final report.

PRACTICE — CONFIRMATION OF REPORT. — Where the matter is remanded to the appraisers for further action, they must make a report of such action to the court, which report must be confirmed or rejected after reasonable notice.

APPEAL from an order of the Superior Court of Los Angeles County refusing to remand an appraisement of a homestead for further report as to its value.

The facts are stated in the opinion.

*Wicks & Ward,* for Appellants.

*C. N. Wilson,* for Respondent.

HAYNE, C. — The plaintiff recovered a judgment against the defendants, and caused execution to be levied upon the homestead of the defendant, T. C. Alexander. Upon petition of the plaintiff, the court appointed appraisers to appraise the value of such homestead. They reported that the value of the homestead was fifteen thousand dollars, and that it could "be subdivided without the necessity of sale." The plaintiff thereupon moved the court for an order directing the appraisers to proceed to made the division. The defendant, T. C. Alexander, moved the court "to remand the appraisement of his homestead to the appraisers for further report as to the value of his life estate in the property covered by such homestead, suggesting at the same time that the interest of T. C. Alexander in the property covered by such homestead was only a life estate, or else a mere personal right of occupancy during declarant's lifetime, and that such interest only was homesteaded." He also asked to be allowed to introduce evidence in support of these statements. The court denied the motion of the defendant and granted the motion of the plaintiff, and the defendant appeals.

We do not think the orders are appealable. The statute provides that the application of the creditor is to be "to the superior court of the county *in which the property is situated.*" (Civ. Code, sec. 1245.) It is not necessarily to be made to the court which rendered the judgment. Therefore it is not to be a proceeding in the action. It

is to be an independent proceeding,—a special proceeding. At least, it must be so where the homestead is situated in a different county from that in which the judgment was rendered; and we do not think that the meaning of the statute is that such applications are to be held to be of different natures according to the place in which they may happen to be made. Taking it to be an independent proceeding, the orders complained of cannot be held to be "special orders made after final judgment." For such orders must be *in the cause* in which the judgment was rendered.

Nor do we think that either order appealed from can be held to be a final judgment in a special proceeding. The order on *defendants'* motion was simply a refusal to remand the matter to the appraisers for a report of a certain character, or in other words, with certain instructions. But inasmuch as the matter was remanded with other instructions, the order on defendants' motion simply amounts to a refusal to give the appraisers certain instructions. This certainly is not a final judgment.

The order on *plaintiff's* motion was that the matter be remanded to the appraisers for the purpose of making a division of the property. This order does not seem to be final in its nature. Something remained to be done before the matter could be ended. The natural course would be for the appraisers to make the division and report their action to the court, and for the court thereupon (if satisfied with the result) to confirm the report. The order of confirmation would be the final judgment in the proceeding. The only difficulty about this view is, that there is no express provision of statute requiring that the report be confirmed, or that there be any report upon the second reference. The statute provides that if the first report shows an excess of value, and that the property can be divided without material injury, the matter must again be referred to the appraisers for the purpose of making the division (Civ. Code, sec. 1253),

but is silent in regard to further proceedings. But we think it must be assumed that the intention was that the action of the appraisers is to be subject to the control of the court and evidenced by some matter of record. And if the Civil Code is to be considered as containing no implication upon the subject, we think it is a proper case for the court to supply the necessary machinery under section 187 of the Code of Civil Procedure, and that the proper course is for the appraisers to report their action as to the division, and for such report, after reasonable notice, to be confirmed if satisfactory to the court, and if not satisfactory, a third reference to be ordered, and so on until a report is obtained which is confirmed, in which case the order of confirmation is to be considered as the final judgment in the proceeding.

We therefore advise that the attempted appeals be dismissed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the attempted appeals are dismissed.