[No. 13294. In Bank. — June 12, 1889.]

FRANK M. STONE, PETITIONER, *v.* F. J. McCANN,
SUPERIOR JUDGE OF SANTA CRUZ COUNTY, RESPOND-
ENT.

HOMESTEAD— PROCEEDINGS FOR APPRAISEMENT UNDER EXECUTION —
PLEADING. — Under the provisions of the Civil Code for the appraise-
ment of a homestead, no demurrer or answer to the petition is author-
ized. If the petition is sufficient under section 1246, and a copy thereof,
with notice of the time and place of hearing, has been served upon the
homestead claimant at least two days before the hearing, it is the duty
of the judge, upon proof thereof, and of the facts stated in the petition,
to appoint appraisers. The court should not allow an answer to the pe-
tition to be filed. The code does not contemplate any formal trial of
issues, nor any findings, or new trials, but the homestead claimant is
entitled to a hearing upon the application without any pleadings on his
part. After the report of the appraisers, a time should be fixed for final
hearing upon the evidence as to whether the homestead exceeds five
thousand dollars in value, and whether it can be divided without injury.

ID. — HEARING OF APPLICATION FOR APPRAISEMENT — CONTINUANCE — DIS-
CRETION — MANDAMUS. — The superior court, before appointing ap-
praisers to appraise the homestead, though not authorized to allow time
to the homestead claimant to file an answer to the petition for appraise-
ment, yet has discretion to continue the hearing of the application for a
reasonable time, to allow the homestead claimant to prepare for the hear-
ing. A continuance of the hearing for five days at the request of the
homestead claimant is not unreasonable, nor an abuse of discretion, and
*mandamus* will not issue to compel an immediate hearing, especially if
the time granted has expired before the writ can issue. The order allow-
ing an answer to be filed will be regarded as of no consequence, upon
application for a writ of mandate.

APPLICATION to the Supreme Court for a writ of man-
date. The facts are stated in the opinion of the court.

*Frank M. Stone, in propria persona,* for Petitioner.

PATERSON, J. — The petitioner alleges that he recovered
judgment against one Card in the superior court of the
city and county of San Francisco, and procured an exe-
cution thereon to be levied by the sheriff of Santa Cruz
County upon certain real estate situated in said county,
upon which the wife of said Card had filed a claim of

homestead; that thereafter he filed with the clerk of the superior court of the county of Santa Cruz a petition duly verified, setting forth the facts above stated, and the further fact that the homestead claim by Mrs. Card exceeds in value the sum of five thousand dollars, and praying for the appointment of appraisers to appraise the value of the property and determine whether or not the land claimed as a homestead could be divided without material injury; that due notice was given the homestead claimant of the filing of said petition and the time of hearing thereon; that on the day appointed for the hearing, the court allowed the homestead claimant five days in which to answer the petition, and refused to hear any testimony until such answer was filed. Upon these facts, and the provisions of sections 1245 to 1254 of the Civil Code, petitioner asks for a writ of mandate commanding the respondent to immediately proceed to a hearing of the petition for the appointment of appraisers.

Under the provisions of the Civil Code for the appraisement of a homestead, no demurrer or answer to the petition is authorized. If the petition sets forth the facts required by the provisions of section 1246, and a copy thereof, with notice of the time and place of the hearing, has been served upon the homestead claimant at least two days before the hearing, it is the duty of the judge, upon proof thereof, to appoint three disinterested residents of the county to appraise the value of the homestead. We do not perceive, therefore, the object of the court in allowing time to answer the petition. In such cases, if the petition does not state the facts required by the statute, the court should refuse to entertain it; but if it does state the requisite facts, no plea should be allowed, —the court should proceed as directed by the statute. The court and counsel for the homestead claimant seem to have proceeded upon the theory that an issue of fact might be framed and tried as in an action at law. This

would lead to delays not contemplated by the statute,— findings, motion for new trial, etc. No such procedure is authorized by the Code. Of course, the homestead claimant is entitled to a hearing; that is the object of the statute in requiring a notice, but no pleadings on the part of the claimant are necessary. If there is a judgment valid on its face, and the court finds that the execution has been levied on a homestead which appears to be of a greater value than five thousand dollars, he cannot be injured until the court acts upon the report of the appraisers. When that report is filed, a time should be fixed for the hearing, due notice thereof given to the claimant, and the questions whether the homestead exceeds in value the sum of five thousand dollars, and whether it can be divided without material injury, should be determined upon the evidence produced by the parties. These two questions are the only ones involved in the inquiry. They are the issues, and the only issues, and they are provided for by statute; no answer is necessary to raise them. They are the same in all cases under the provisions of the statute.

Treating the order of the court allowing five days to answer as a mere continuance of the hearing, however,— and so it may be considered,— the writ herein prayed for should not be issued. The court was not compelled to hear the application of the petitioner immediately. The claimant was entitled to a hearing as well as the petitioner, and the court was clothed with the discretion to allow a reasonable time in which to prepare for the hearing. Five days was not an unreasonable delay. Furthermore, the time granted — the five days' time in which to answer—has expired. We must presume that the court will now, unless there be reason for further delay, proceed to a hearing. The writ, therefore, should not issue.

We place our refusal to issue the writ prayed for upon the ground that the court did not abuse its discretion in

continuing the hearing for five days, and regard the order allowing an answer to be filed as of no consequence.
Application for the writ denied.

McFARLAND, J., SHARPSTEIN, J., BEATTY, C. J., WORKS, J., and THORNTON. J., concurred.