[No. 12514.    Department One. — July 30, 1890.]

LOUIS DEMARTIN, RESPONDENT, v. JOSEPHINE DEMARTIN ET AL., APPELLANTS.

INSOLVENCY — SETTING APART HOMESTEAD — OPPOSITION OF CREDITORS — ADMISSION OF PLEADINGS — EVIDENCE. — Upon an application by an insolvent debtor for the setting apart of a homestead for his use and benefit, where the only opposition of creditors is on the ground of excess in value, and there is no denial of his averment that he had filed a properly executed declaration, and was residing with his family on the premises at the time of doing so, it is not necessary for the insolvent to introduce in evidence the declaration of homestead or any proof of residence.

ID. — DUTY OF COURT TO SET APART HOMESTEAD — DISCRETION — CON-
STRUCTION OF CODE. — The Insolvent Act (section 60) makes it the duty
of the court to set apart a homestead for the use and benefit of the in-
solvent, in the manner provided in section 1465 of the code. The word
"may," used in that section, is to be construed as "shall," and the
court has no discretion to refuse the application of the insolvent, if prop-
erly made, upon a sufficient showing.

ID. — BURDEN OF PROOF AS TO VALUE OF HOMESTEAD — EXCESS IN VALUE.
— Where the petition of the insolvent is sufficient in other respects, and
alleges that the homestead claimed did not exceed in value the sum of
five thousand dollars, and the opposition of creditors alleged such excess
to exist, the burden of proof is upon the objecting creditors to show that
the value of the premises asked to be set apart as a homestead for the
use of the insolvent exceeded the limit of exemption, and in the absence
of such proof, the court is justified in setting apart the homestead.

BURDEN OF PROOF — FAILURE OF EVIDENCE — FINDINGS — IMMATERIAL
OMISSION — APPEAL — BILL OF EXCEPTIONS. — The party having the
burden of proof, and who offers no evidence, is in no way prejudiced by
the failure of the court to make findings of fact, since such findings, if
made, must be against him; and the fact that the bill of exceptions shows
that findings were not waived is no ground for reversal upon appeal in
such case.

APPEAL from an order of the Superior Court of Del
Norte County, setting apart a homestead to an insolvent
debtor.

The facts are stated in the opinion.

*L. F. Cooper,* and *Sawyer & Burnett,* for Appellants.

*R. W. Miller,* and *Lucas & Miller,* for Respondent.

BELCHER, C. C.—This is an appeal from an order set-
ting apart a homestead to an insolvent debtor.

The facts are these: On the twenty-second day of
October, 1887, Louis Demartin filed his petition in in-
solvency, and on the same day he was adjudged to be
an insolvent debtor, and a time was appointed for his
creditors to meet and prove their debts and choose an
assignee of his estate. Annexed to the petition were
the requisite schedules and inventory, in which a portion
of the real property was described as petitioner's home-
stead, and the value thereof was placed at five thousand

dollars. On the 5th of November, following, he presented to the court another petition, asking to have the property described as a homestead set apart as such for his use and benefit. This petition stated that the petitioner had executed, acknowledged, and filed for record a declaration of homestead, in proper form, on the premises which he asked to have set apart, and that at the time of so doing he was and ever since had been residing thereon with his family, and that the same did not exceed in value the sum of five thousand dollars.

On the 7th of November the attorney for two of the creditors of the insolvent filed his affidavit (giving the reasons why it was made by him), setting forth that Demartin filed his declaration of homestead on the twenty-ninth day of September, 1887; that he filed his petition in insolvency on the twenty-second day of October; that he petitioned the court to have said homestead set apart to him on the fifth day of November; and that, as affiant was informed and believed, the value of the premises selected as a homestead was from eight thousand to ten thousand dollars; and praying the court, before setting the same apart, to appoint three persons to appraise the value thereof and return their appraisement to the court.

On the 10th of November, the court set the matter for hearing on the next day, at ten o'clock, A. M. At the time set for the hearing, the attorney for the objecting creditors did not appear, and thereupon, on motion of counsel for the petitioner, no evidence being offered by him, and there being nothing before the court except the papers before mentioned, an order was made and entered setting apart for the use and benefit of the petitioner as a homestead all of the premises described in his petition.

1. It is claimed for appellants that the order was erroneous, and should be reversed, because no evidence was offered on behalf of respondent showing that he

had ever filed a declaration of homestead on the premises claimed, or was ever residing thereon, or that the value thereof did not exceed five thousand dollars; and it is said that the burden was upon him to establish by competent proof all these facts before an order could properly be made setting apart to him the premises as a homestead. But there was no denial that he had filed a properly executed declaration and was residing with his family on the premises at the time of doing so. These facts were therefore admitted, and it was not necessary to introduce in evidence the declaration or any proof of residence. The question, then, only remains, Where was the burden of proof as to value?

The Civil Code provides that homesteads may be selected and claimed, of not exceeding five thousand dollars in value, by any head of a family (sec. 1260), and that from and after the time the declaration is filed for record, the premises therein described constitute a homestead. (Sec. 1265.) A homestead may be selected of greater value than five thousand dollars, and the excess in value does not invalidate the selection. (*Ham* v. *Santa Rosa Bank*, 62 Cal. 125; *Lubbock* v. *McMann*, 82 Cal. 230.) The excess in value, if there be any, is subject to the claims of creditors, but it can be taken only in the manner provided by statute for its admeasurement and application. (Civ. Code, secs. 1245–1256; *Waggle* v. *Worthy*, 74 Cal. 268.) When an execution creditor claims that the value of the homestead exceeds the sum of five thousand dollars, and seeks to subject the excess to the payment of his debt, the burden is upon him to prove, among other things, that there is an excess, before the court can take any action. (Civ. Code, sec. 1249; *Stone* v. *McCann*, 79 Cal. 460.)

The Insolvent Act (section 60) makes it the duty of the court having jurisdiction of the insolvency proceedings to exempt and set apart, for the use and benefit of the insolvent, a homestead in the manner provided in sec-

tion 1465 of the Code of Civil Procedure. By the section referred to it is provided that the court "may," on its own motion, or on petition therefor, set apart for the use of the surviving husband or wife the homestead selected, designated, and recorded, provided such homestead was selected from the common property or from the separate property of the persons selecting or joining in the selection of the same. And it has been held that whenever a proper application is made for the setting apart of a homestead, the word "may" is to be construed as "shall," and the court has no discretion to refuse the application. (*Estate of Ballentine*, 45 Cal. 696; *Tyrrell* v. *Baldwin,* 78 Cal. 476.) Under the circumstances appearing here, we think the burden was upon the objecting creditors to show that the value of the premises asked to be set apart as a homestead exceeded the limit of exemption, and that, in the absence of any such proof, the court was justified in making the order complained of.

2. It appears, from the bill of exceptions, that no findings were made by the court, and that they were not waived by the appellants. And it is claimed that issues of fact were raised, upon which findings were necessary, and that for the want of them the order should be reversed. But waiving the question as to whether findings are ever necessary in support of an order like that involved here, the rule is, as said in *Monterey County* v. *Cushing*, 83 Cal. 510: "If no direct evidence be introduced upon any issue, the finding should be against the party who had the burden of proof." And in *People* v. *Center*, 66 Cal. 564, it is said: "When the court fails to find on a material issue, the judgment will not be reversed, if the finding omitted must have been adverse to the appellant." (Citing *Hutchings* v. *Castle*, 48 Cal. 152, and *McCourtney* v. *Fortune*, 57 Cal. 617.) And this rule has been approved and followed in subsequent cases. (See *Murphy* v. *Bennett*, 68 Cal. 528, and *Senter* v. *Senter*, 70 Cal. 620.)

As the burden of proof was on the appellants, and no proof was offered by them, it is evident that they were in no way prejudiced by the failure to find, and the order cannot be reversed on that ground.

It follows that the order appealed from should be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.