### Estate of ANNIE SYKES, Deceased.

Probate Homestead—Court must Set Apart.—In a proper case the court must, on the application of a surviving husband, set apart a probate homestead; there is no discretion.

Albert H. Elliott, for applicant.

Frank R. Whitcomb, John C. Boyle, opposed.

COFFEY, J. Annie Sykes died February 26, 1899, leaving her surviving her husband, petitioner herein, and several children, all of whom have attained their majority. She left property described in the petition herein and returned in the inventory on file, appraised at the sum of $2.250. The property was the domicile of deceased and petitioner. Said property was the separate property of deceased. Furniture and other household goods in said domicile also belonged to said

deceased. There is no community property of petitioner and decedent. No homestead was declared on said property during the liftime of decedent, and petitioner has made no other application for a homestead herein.

The court must set apart a probate homestead and there is no discretion: Code Civ. Proc. 1465; Estate of Green, 1 Cof. Prob. Dec. 444; Estate of Tate, 1 Cof. Prob. Dec. 217; Estate of Ballentine, 45 Cal. 696; Estate of McCauley, 50 Cal. 546; Mawson v. Mawson, 50 Cal. 539; In re Lahiff, 86 Cal. 151, 24 Pac. 850.