[Sac. No. 3804. In Bank.—May 4, 1927.]

STOCKTON SAVINGS AND LOAN BANK (a Corporation), Appellant, v. JOHN V. MELLO et al., Respondents.

[1] HOMESTEADS — DEBTOR AND CREDITOR — APPRAISEMENT OF HOMESTEAD — HEARING — SECTIONS 1251, 1254, CIVIL CODE. — Upon the petition of a judgment creditor for the appraisement of a homestead in a proceeding taken pursuant to sections 1245–1259, inclusive, of the Civil Code, the contention that if on such a hearing the petitioner produces evidence showing, *prima facie*, that the value of the homestead is in excess of the statutory exemption, the court has no recourse but to appoint the appraisers, notwithstanding the fact that it might be shown on behalf of defendant by a preponderance of the evidence that the value of such property is less than the exemption, cannot be maintained, as there is nothing in sections 1251 and 1254 of the Civil Code to sustain such contention.

(1) 3 C. J., p. 441, n. 45, p. 497, n. 26; 4 C. J., p. 883, n. 33; 29 C. J., p. 880, n. 52, p. 973, n. 32, 40 New, p. 976, n. 44 New.

APPEAL from an order of the Superior Court of Kings County denying a petition for appraisement of a homestead. K. Van Zante, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nutter, Hancock & Rutherford and Charles E. Watkinson for Appellant.

Clark Clement for Respondents.

SHENK, J.—This is an appeal from an order denying the petition of a judgment creditor for the appraisement of a homestead in a proceeding taken pursuant to sections 1245–1259, inclusive, of the Civil Code.

In the superior court in and for the county of San Joaquin, the petitioner on November 20, 1924, obtained a judgment against the defendant John V. Mello for the sum of $4,818. On December 10, 1924, an execution was issued

1. See 13 Cal. Jur. 568.

on said judgment and levied on certain real property in Kings County on which the defendant John V. Mello, as head of a family, had, on February 15, 1924, duly declared a homestead. The said defendant thereupon demanded that the sheriff desist from selling the homestead property, and in an action commenced by him in the superior court in and for the county of Kings, obtained an injunction prohibiting such sale. On February 14, 1925, the petitioner filed its verified petition alleging the matters required to be shown by section 1246 of the Civil Code, including the allegation, on information and belief, that the said property at the time of the homestead declaration was and is of the reasonable value of $15,000, and praying that the court appoint three disinterested persons to appraise the value of said homestead.

The petition came on regularly for hearing on March 2, 1925. It was stipulated that due service had been made on the defendants of the petition and of the notice of the time and place of hearing as required by section 1248 of the Civil Code. It was also stipulated that all of the allegations of the petition were true with the exception of the allegation that the homestead claimed by the defendants was and is of a reasonable value in excess of $5,000, to wit, of the value of $15,000. In support of the allegation of the petition that the said property was worth in excess of the homestead exemption of $5,000, the petitioner produced two witnesses, each of whom testified that said property was of the market value of $8,000. Petitioner then rested, whereupon the defendant produced six witnesses, each of whom testified that the market value of said property was $4,500, and the matter was submitted for decision. On March 9, 1925, the court made and entered its order denying said petition, from which order, being a final determination of the matter so far as the superior court was concerned, this appeal is prosecuted.

[1] It is conceded by the petitioner that if on such a hearing the court may pass on the weight of conflicting evidence, there is no error in the record. It is the contention of the petitioner, however, that if on such a hearing the petitioner produces evidence showing, *prima facie,* that the value of said homesteaded property is in excess of the statutory exemption the court has no recourse but to appoint

the appraisers notwithstanding the fact that it might be shown on behalf of the defendant by a preponderance of the evidence that the value of said property is less than the exemption. The argument is based on the language of section 1251 of the Civil Code relating to the duties of the appraisers wherein it is provided that: "They must view the premises and appraise the value thereof, and if the appraised value exceeds the homestead exemption they must determine whether the land claimed can be divided without material injury"; and also on the language of section 1254 of the Civil Code, which provides: "If, from the report, it appears to the judge that the land claimed exceeds in value the amount of the homestead exemption, and that it cannot be divided, he must make an order directing its sale under the execution." We find nothing in the sections referred to which would preclude the court, after the filing and service of the petition and notice on the exemption claimant of the time and place of hearing pursuant to section 1249 of the Civil Code, from determining on the evidence produced on such hearing and in accordance with the rules of evidence, that the petitioner had not made out a case entitling it to the appointment of appraisers. Said section 1249 provides that: "At the hearing the judge may, upon proof of the service of a copy of the petition and notice, and of the facts stated in the petition appoint three disinterested residents of the county to appraise the value of the homestead." The determination of the court on the proof "of the facts stated in the petition" would seem to contemplate a determination on all the proof on the issue tendered by the petition and not merely the proof offered by the petitioner. The homestead claimant is entitled to be heard on the hearing of the petition and no pleadings on the part of said claimant are necessary (*Stone* v. *McCann,* 79 Cal. 460, 462 [21 Pac. 863]). If the court be limited to the proof on behalf of the petitioner it would seem to be idle to provide in the statute, as it is provided by section 1248, for service of the petition and notice of the time and place of hearing on the homestead claimant. Such a limited proceeding would be *ex parte* in its effect. If, on the other hand, the claimant has a right to be heard at the time and place noticed, and the code plainly provides for such hearing, it would be unreasonable to conclude that his evidence could

have no weight in the determination of whether a showing had been made sufficient to entitle the petitioner to the appointment of appraisers. The provision of said section 1249 that at the hearing the judge *may* appoint the appraisers would seem to indicate some discretion on the part of the court, at least on conflicting evidence, to grant or deny the petition as the proof should warrant. To accord to the homestead claimant the right to a hearing on the petition and at the same time to deny the court the right to consider the evidence then produced on behalf of the claimant would result in a manifestly anomalous proceeding contrary to the clear intention of the statute.

The petitioner relies on certain language in *Stone* v. *Mc-Cann, supra,* to the effect that when the report of the appraisers is filed a time should be fixed for the hearing thereon and due notice thereof be given to the claimant; that the questions whether the homestead exceeds in value the sum of $5,000 and whether it can be divided without material injury should then be determined upon the evidence produced by the parties. The petitioner also relies upon *Brown* v. *Starr,* 75 Cal. 163 [16 Pac. 760], wherein it was held that it must be assumed that the intention of the statute was that the action of the appraisers as evidenced by their report was to be subject to the control of the court in proceedings on notice to confirm or reject the report. The defendants, on the other hand, rely on *Lean* v. *Givens,* 146 Cal. 739 [106 Am. St. Rep. 79, 81 Pac. 128], wherein it was stated with reference to that part of the report of the appraisers that a division of the property could be made, at page 744: "It may be that where the report is, that a division can be made and the excess set off for sale there should be further proceedings, hearings, and notices for the purpose of securing the right to a just division, as was held in *Brown* v. *Starr,* 75 Cal. 164 [16 Pac. 760]. . . . In any case, however, we perceive no good reason for holding that further notices must be given where the appraisers report that the property cannot be divided. Neither the court nor the judge is given power to revise or set aside the decision of the appraisers as to the possibility of making a fair division. The remarks in *Stone* v. *Mc-Cann,* 79 Cal. 462 [21 Pac. 863], with respect to further notice of the hearing of the report of the appraisers, is

merely a part of the argument on another question, and the subject matter of the notices was not before the court.''

We find it unnecessary to resolve any alleged inconsistencies in these former decisions. The question now presented was not directly involved in any of them. It is sufficient to say that the statute contemplates a hearing on the petition for the appointment of appraisers at the time and place designated by the notice required by the statute. If the court on sufficient evidence denies the petition its order to that effect would constitute a final determination of the matter and an appeal would lie from such order. This course was followed in the present case. On such hearing the burden of proof was on the petitioner (*Demartin* v. *Demartin*, 85 Cal. 71, 74 [24 Pac. 594]). As the court found on conflicting evidence against the petitioner's claim its finding may not be disturbed on appeal.

The order is affirmed.

Seawell, J., Richards, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.