[Civ. No. 10514. First Appellate District, Division Two.—April 29, 1937.]

In the Matter of the Application of HENRY OLSON, etc., to Secure Execution Against a Homestead Claimed by BESSIE D. WRIGHT.

Harold King for Petitioner.

P. E. Bingman for Respondent.

SPENCE, J.—This is an appeal by the petitioner from an order confirming the report of the appraisers in the above-entitled proceeding.

Petitioner obtained two judgments against Bessie D. Wright in the justice's court in San Bernardino County. Petitioner then brought this proceeding in the Superior Court of Riverside County to secure execution against a homestead. (Civ. Code, sec. 1245 et seq.) One of said judgments was

alleged to be in the sum of $100, but the amount of the other judgment does not appear from the record herein. It appears that the total value of the homestead was $3,050 and that the value of the portion set off to the homestead claimant was $2,550, leaving the remainder of the property of the value of $500 subject to execution in satisfaction of said judgments. The claimant was an unmarried woman who was not the head of a family and she was entitled to a homestead exemption of $1,000. (Civ. Code, sec. 1260.)

The main contention of appellant is that the trial court erred in setting off to the homestead claimant a portion of the land having a value in excess of the claimant's $1,000 exemption. (Civ. Code, sec. 1253.) Assuming, without deciding, that the trial court did so err, appellant has wholly failed to show that such error was prejudicial. The remainder of the property left subject to execution was of the value of $500 and if this property was ample to satisfy appellant's claims, he was not prejudiced. The record does not disclose the amount of appellant's claims except as above set forth. Prejudice may not be presumed and, upon the record before us, we are of the opinion that no showing of prejudice has been made. Under these circumstances a reversal is not warranted. (Const., art. VI, sec. 4½; Code Civ. Proc., sec. 475.)

Appellant also complains of alleged error in procedure. While the procedure adopted by the trial court appears to have been substantially the procedure indicated in *Brown* v. *Starr*, 75 Cal. 163 [16 Pac. 760], we may likewise pass this claim of error without further comment as no prejudice has been shown.

The order is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 28, 1937.