[Civ. No. 15230.   Second Dist., Div. Two.   Apr. 10, 1946.]

O. C. RUDDELL, Respondent, v. WALTER E. WARNE et al., Appellants.

Lloyd S. Nix and Henry F. Walker for Appellants.

Romaine Hogan for Respondent.

McCOMB, J.—Defendants appeal from an order of the trial court directing a sale of homesteaded property under a writ of execution issued upon a judgment in favor of plaintiff.[1] There are also appeals from incidental orders made in connection with the foregoing order. Since our decision on the main appeal disposes of the questions involved on appeal from the other orders, it will not be essential to give consideration to them other than the views herein expressed.

The essential facts are these:

The writ of execution on the judgment which plaintiff had obtained against defendants was issued on *September 20, 1944*, and the order directing the sale of the homesteaded property of defendants pursuant to the writ of execution was made on *October 5, 1945*.

There are two questions necessary for our determination:

First: *Is the order of the superior court directing a sale of homesteaded property an appealable order?*

This question must be answered in the affirmative and is governed by these pertinent rules:

(1) Orders made pursuant to the provision of section 1245 et seq., of the Civil Code are not considered special orders made after judgment, but such orders are special independent proceedings. (*Brown* v. *Starr,* 75 Cal. 163, 164 et seq. [16 P. 760].)

(2) It is a general rule that where no issue is left for future consideration except the fact of compliance or non-compliance with the terms of an order, such order is final; but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the order is interlocutory. (*Lyon* v. *Goss,* 19 Cal.2d 659, 670 [123 P.2d 11].)

Applying the foregoing rules to the facts in the instant

---

[1]For a prior phase of the instant case see *Ruddell* v. *Warne,* 68 Cal. App.2d 600 [157 P.2d 428].

case it appears that the order[2] under consideration was made in a special and independent proceeding and no further judicial action upon the part of the court was necessary. The only thing remaining to be done was for the sheriff or other proper officer to comply with the order. Therefore under rule two, *supra*, it was final and appealable. (*Stockton S. & L. Bank* v. *Mello*, 201 Cal. 194, 198 [256 P. 202].)

Second: *Was the order directing the sale of homesteaded property void because it was not made within one year after the writ of execution upon which it was predicated had been issued?*

This question must also be answered in the affirmative. Section 688 of the Code of Civil Procedure provides in part as follows:

". . . Until a levy, the property is not affected by the execution; *but no levy shall bind any property for a longer period than one year from the date of the issuance of the execution*, except a levy on the interests or claims of heirs, devisees or legatees in or to assets of deceased persons remaining in the hands of executors or administrators, thereof prior to distribution and payment; . . ." (Italics added.)

The record discloses that the writ of execution was issued September 20, 1944, but that the order for the sale of homesteaded property was not made until more than one year later, to wit: October 5, 1945. Hence under the provisions of section 688 of the Code of Civil Procedure there was no valid writ of execution in effect at the time the order of sale of the property was made and therefore the order was void. (*Jones* v. *Toland,* 117 Cal.App. 481, 482 [4 P.2d 178] ; *Anglo-California Nat'l Bk.* v. *Kidd,* 58 Cal.App.2d 651, 653 et seq. [137 P.2d 460] ; *McAfee* v. *Reynolds,* 130 Ind. 33, 39 [28 N.E. 423, 30 Am.St.Rep. 194, 18 L.R.A. 211].)

The order directing the sale of homesteaded property is reversed. The appeal from the order denying defendants' "motion for order denying sale of homestead following report

---

2The order reads thus:

"It is hereby ordered, that the Sheriff of the County of Los Angeles, State of California, or other proper officer, sell under execution, in the manner directed by law, the above described premises, and that no payment must be made at said sale unless it exceeds the sum of $5,000.00 cash, and if the sale is made $5,000.00 in cash must be paid to the defendant Walter E. Warne and to his wife, the homestead claimants, and that the balance be applied to the satisfaction of the execution."

of appraisers'' is dismissed since such order, as conceded by defendants, is nonappealable.

Moore, P. J., concurred.

Mr. Justice Wilson did not participate in the foregoing opinion.