[L. A. No. 281.  Department Two.—December 27, 1897.]

E. J. DURRELL, Appellant, v. P. W. DOONER, Respondent.

STREET WORK REQUESTED IN FRONT OF LOT—LIEN CONFINED TO CITY OR TOWN—INSUFFICIENT COMPLAINT—DEMURRER—UNCERTAINTY.—The lien provided for in section 1191 of the Code of Civil Procedure, in favor of one who, at the request of the owner of a lot, improves the street or sidewalk in front of or adjoining the same, can be acquired and enforced only against a lot in an "incorporated city or town"; and a complaint to enforce such a lien, setting forth a contract for grading and other work, which shows upon its face that the work was to be done outside of any city or town, and was to be done in accordance with an ordinance to be passed by the board of supervisors of the county, does not state a cause of action; and if such complaint leaves it uncertain whether the work to be done under the

contract was within an incorporated city or town, and uncertain as to whether an ordinance was passed by the board of supervisors of the county, it is subject to a demurrer for uncertainty.

ID.—OMISSION TO REQUEST AMENDMENT—OBJECTION UPON APPEAL.—The omission to request an amendment to a pleading after a demurrer thereto has been sustained precludes the making of an objection upon appeal for the first time that the court should have allowed an amendment, when nothing appears in the record to show an abuse of discretion.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

E. E. Bacon, for Appellant.

M. C. Hester, for Respondent.

McFARLAND, J.—This action was brought to enforce an alleged lien for twenty-four dollars and seventy-five cents upon certain land of the defendant for work done upon a street in front of said land in grading said street, curbing etc., under section 1191 of the Code of Civil Procedure. The defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, and also because it is uncertain in several named respects. The court sustained the demurrer without leave to amend, and judgment was entered for the defendant. Plaintiff appeals from the judgment.

The demurrer was properly sustained. The lien provided for in section 1191 can be acquired and enforced only against a lot in an "incorporated city or town"; and the whole complaint taken together shows, we think, quite clearly that the land with respect to which the alleged contract for grading was made was not within any incorporated city or town. The complaint set forth the written contract for grading and other work, and the contract shows upon its face that the work was to be done at a place in the county of Los Angeles outside of any incorporated city or town, or was to be done "in accordance with the ordinance to be passed by the board of supervisors of Los Angeles county." Moreover, the most favorable view that could be taken of the complaint would surely leave it uncertain as to whether the work to be done under the contract was within an incorporated city

or town, and also uncertain as to whether any ordinance was ever passed by the board of supervisors of the county, and uncertain as to other matters set forth in the demurrer.

The point that the court below should have allowed an amendment to the complaint does not properly arise here, because the appellant did not ask to amend. "The privilege of amending, after trial of issues of law raised by the demurrer, is not one of right, but one resting in the discretion of the trial court. (Code Civ. Proc., sec. 472.) If the plaintiff desired again to amend, she should have applied to the court below, and, if refused, exception should have been taken. It is too late to make the point for the first time in this court when nothing appears in the record to show an abuse of discretion." (*Buckley v. Howe*, 86 Cal. 605.)

The judgment is affirmed.

Temple, J., and Henshaw, J., concurred.