[Civ. No. 1234. First Appellate District.—May 15, 1913.]

CATHERINE M. TAYLOR, as Administratrix, Appellant, v. AGNES DARLING, Respondent.

JUDGMENT FOR COSTS — RES JUDICATA — ACTION AGAINST MARRIED WOMAN—NONJOINDER OF HUSBAND.—A judgment for costs, entered in favor of a married woman who is made a defendant without her husband being joined as a party, she not living separate and apart from him, is not based on the merits and cannot constitute a bar to another action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. N. A. Hawkins, Judge presiding.

The facts are stated in the opinion of the court.

Neal Power, for Appellant.

George A. Connolly, for Respondent.

KERRIGAN, J.—This case was heard in this court before, (*Taylor* v. *Darling,* 17 Cal. App. 232, [125 Pac. 249]). Plaintiff sued the defendant for the conversion of certain personal property. Defendant in her answer, in addition to denying

the material allegations of the complaint, set forth that she was a married woman not living separate and apart from her husband, and that her husband had not been made a party defendant to the action. The court found this allegation of the answer to be true, but nevertheless gave judgment against the defendant as prayed for in the complaint. On appeal to this court the judgment was reversed; and upon the going down of the *remittitur* the trial court, as directed by this court, vacated and set aside the judgment, and caused judgment to be entered against the plaintiff and in favor of the defendant for her costs. Plaintiff appeals from such judgment.

The plaintiff made no application to the trial court at any time for permission to file an amended complaint making the defendant's husband a party defendant, and therefore cannot be heard in this court to complain, nor in fact does she complain, that the trial court abused its discretion in entering judgment against her. (*Saddlemire* v. *Stockton Savings etc.*, 144 Cal. 650, 655, [79 Pac. 381] ; *Durrell* v. *Dooner*, 119 Cal. 411, [51 Pac. 628] ; *Sutter* v. *City and County of San Francisco*, 36 Cal. 112; *Schaake* v. *Eagle etc. Can Co.*, 135 Cal. 472, 480, [63 Pac. 1025, 67 Pac. 759] ; *Buckley* v. *Howe*, 86 Cal. 596, 605, [25 Pac. 132].) Her contention is that the form of the judgment ought not to be generally in favor of the defendant, but merely that the action should abate; and she is apprehensive that the judgment in its present form may form the basis of a plea of *res adjudicata* in a subsequent action.

The form of judgment is the one usually employed where the defendant is given judgment for costs, and as the record before us indicates that the judgment is not based on the merits it cannot constitute a bar to another action. (*Pyle* v. *Piercy*, 122 Cal. 383, [55 Pac. 141] ; *Browne* v. *Johnson*, 1 Doug. (Mich.) 185, 23 Cyc. 669; 1 Black on Judgments, sec. 27; 1 Freeman on Judgments, sec. 17; *Gray* v. *Dougherty*, 25 Cal. 266, 272; *Terry* v. *Hammonds*, 47 Cal. 32.)

In the case of *Scott* v. *Burton*, 6 Tex. 322, [55 Am. Dec. 782], it was held that the form of the judgment was immaterial; and that unless the judgment showed intrinsically and distinctly and not inferentially that the matters in the record had been adjudicated, it would not form the basis of a plea of *res adjudicata*, and that a mere judgment for defendant for costs does not show an adjudication on the merits of the

case.   To the same effect see 11 Am. & Eng. Ency. of Plead. & Prac., p. 929.   Greenleaf, in his work on Evidence, in volume 1 at section 530, says: "In order to constitute the former judgment a complete bar, it must appear to have been a decision upon the merits; and this will be sufficient, though the declaration were essentially defective so that it would have been adjudged bad on demurrer.   But if the trial went off on a technical defect, or because the debt was not yet due, or because the court had not jurisdiction, or because of a temporary disability of the plaintiff to sue, or the like, the judgment will be no bar to a future action."

The judgment is affirmed.

Lennon, P. J., and Hall, J., concurred.