[Sac. No. 2706.    Department One.—December 11, 1918.]

GEORGE W. SLAKER, Respondent, v. McCORMICK-SAELTZER COMPANY (a Corporation), Appellant.

EXECUTION SALE — PRIOR UNRECORDED MORTGAGE — PRIORITIES.—The rights of the holder of an unrecorded mortgage on real property are superior to those of the purchaser of the property at an execution sale subsequent to the mortgage, where the purchaser had actual knowledge of the mortgage and the nonpayment of the note before the sale.

ID.—ACTION TO DETERMINE PRIORITIES—JUDGMENT OF FORECLOSURE OF MORTGAGE—RECOVERY NOT BARRED.—In an action to establish the priority of an unrecorded mortgage over the claims of the purchaser of the property at a subsequent execution sale, the judgment in the action for foreclosure of the mortgage, wherein the issue of priority was presented for determination, is not a bar to plaintiff's recovery, where the court in such action declined to pass upon the merits of the controversy on the ground that it was without jurisdiction.

APPEAL from a judgment of the Superior Court of Shasta County.    James G. Estep, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Carr & Kennedy, for Appellant.

Braynard & Kimball, for Respondent.

SLOSS, J.—In May, 1912, Nannie R. Frick executed and delivered to plaintiff, Slaker, a mortgage of real property to secure her promissory note for one thousand dollars. The mortgage was not recorded until January 4, 1916. In the

meanwhile, the appellant, the McCormick-Saeltzer Company, commenced an action against Nannie R. Frick and her husband, and levied an attachment on the mortgaged property. It recovered judgment in the action. Execution was issued, and the appellant purchased the property at the execution sale. A certificate of sale was issued to appellant on November 10, 1915, and was recorded prior to the recording of plaintiff's mortgage.

Thereafter plaintiff commenced an action to foreclose his mortgage, making the Fricks and the McCormick-Saeltzer Company parties defendant. The latter appeared, filing an answer and a cross-complaint. The court gave a decree of foreclosure against the Fricks. The decree adjudged "that this court has no jurisdiction to determine in this case the legal question involved as to the priority of the respective liens or claims of the plaintiff and said defendant, the McCormick-Saeltzer Company, a corporation, in, upon, and to the premises described in said mortgage," and followed this clause with an adjudication that plaintiff recover nothing from the McCormick-Saeltzer Company, and that the latter recover nothing from plaintiff. Following the trial of the foreclosure suit, this action was brought by plaintiff to establish the priority of its mortgage over the claims of the appellant. Judgment went in plaintiff's favor, and the McCormick-Saeltzer Company appeals.

Passing, for the moment, the questions arising from the prosecution of the foreclosure suit, it is clear that plaintiff's rights were properly held superior to those of the appellant. If appellant had had no notice of plaintiff's unrecorded mortgage prior to its purchase on execution, its certificate, being first duly recorded, would have prevailed. (Civ. Code sec. 1214; *Cady* v. *Purser,* 131 Cal. 552, [82 Am. St. Rep. 391, 63 Pac. 844].) But the benefits of the recording statute are not available to a subsequent purchaser or encumbrancer who takes with actual notice of a prior, though unrecorded, instrument. (Civ. Code, sec. 1217; *Bell* v. *Pleasant,* 145 Cal. 410, [104 Am. St. Rep. 61, 78 Pac. 957]; *Robinson* v. *Muir,* 151 Cal. 118, [90 Pac. 521].) Here the court found, on sufficient evidence, that the appellant had actual knowledge of plaintiff's mortgage, and of the nonpayment of the note, before it took judgment in its action against the Fricks.

Presenting the point in various forms, the appellant insists that the judgment in the foreclosure suit is a bar to any recovery by the plaintiff in this action. The foreclosure suit was pending when the complaint herein was filed. It had gone to judgment, and the judgment had become final before the trial of this action.

The issue of priority as between plaintiff's mortgage and the appellant's certificate was presented in the foreclosure suit. But to operate as a bar or estoppel, the judgment in a former action must have been on the merits. (15 R. C. L. 955; 23 Cyc. 1131; *Gray* v. *Dougherty,* 25 Cal. 266; *Hughes* v. *United States,* 4 Wall. 232, [18 L. Ed. 303]; *Swift* v. *McPherson,* 232 U. S. 51, [58 L. Ed. 499, 34 Sup. Ct. Rep. 239, see, also, Rose's U. S. Notes].) To determine the character and scope of an adjudication, the entire record of the prior action is to be examined. (*Watson* v. *Lawson,* 166 Cal. 235, 241, [135 Pac. 961]; *Smith* v. *Auld,* 31 Kan. 262, 266, [1 Pac. 626].) Looking merely to the judgment in the foreclosure suit, it is very plain that the court did not therein undertake to pass upon the merits of the controversy between Slaker and the McCormick-Saeltzer Company. What it did was to decline to determine that controversy, for the reason that it was without jurisdiction, in that action, so to do. Whether the holding that it had no jurisdiction was sound or erroneous is not a question for consideration here. The essential point is that there was no adjudication of the merits. Having reached the conclusion that it lacked jurisdiction, the court might more appropriately, perhaps, have ordered a dismissal as to the McCormick-Saeltzer Company, instead of adjudging that the plaintiff "have and recover nothing of or from" said defendant. But the mere form of words found in this part of the judgment is not controlling (*Dixon* v. *Sinclear,* 4 Vt. 354, [24 Am. Dec. 610], since, upon a reading of the entire decree, it is apparent that the court had no thought of deciding the question now in dispute. (See *Smith* v. *Auld, supra.*) In effect, the former judgment amounted to a dismissal as to the McCormick-Saeltzer Company.

The appellant's claim was that it held a right superior to the plaintiff's mortgage lien. Upon its own theory, the court should have dismissed it from the foreclosure suit. (*Beronio* v. *Ventura Lumber Co.,* 129 Cal. 232, 237, [79 Am. St. Rep. 118, 61 Pac. 958].) This, as we have seen, is precisely what

was done, and there is, therefore, no force in the claim that the present controversy should have been litigated in the former action.

The judgment is affirmed.

Richards, J., *pro tem.*, and Victor E. Shaw, J., *pro tem.*, concurred.