[Civ. No. 7096. Second Appellate District, Division One.—February 19, 1932.]

DAVID MILLER, Respondent, v. AMBASSADOR PARK SYNDICATE (a Common Law Trust) et al., Appellants.

Joseph Musgrove and Fred O. McGirr for Appellants.

I. Henry Harris for Respondent.

HOUSER, J.—From a judgment rendered against it and others, in favor of plaintiff, the defendant Ambassador Park Syndicate and certain individual defendants appeal to this court.

As far as concerns the complaint in the action, it is based upon a non-negotiable promissory note which was executed by the defendant syndicate in favor of plaintiff's assignor, but the facts upon which the several defenses to the action are founded are numerous and somwhat complicated. As

each of the several specifications of error herein receives consideration by this court, wherever deemed necessary or advisable, the pertinent facts applicable thereto will be briefly set forth.

█ It is first urged by appellants that because in its findings of fact the trial court declared that each of three designated individuals was a trustee of the defendant syndicate, when, as adduced by the evidence, neither of such named persons was in fact a trustee thereof,—the judgment should be reversed. It is a familiar rule applicable particularly to the legal propriety of granting a new trial, or to the reversal of a judgment, that not only must error be shown to have been committed, but as well that in some substantial manner prejudice has resulted to the basic rights of the aggrieved party. Although herein appellants have made no effort in the way of directing attention to the possible ultimate effect which the alleged objectionable finding may have had upon the mind of the judge of the trial court in reaching a conclusion with reference to other important findings in the case,—from a consideration of the entire evidence relative to the findings which are claimed to have been influenced by the finding in question, it becomes apparent that the questioned finding was lacking in potency and that its effect, if any, was negligible. It follows that the position assumed by appellants in that regard is not sustainable.

█ It is next urged that the finding made by the trial court to the effect that the promissory note upon which the action was based was delivered to the payee thereof was not supported by the evidence. No such express finding of fact appears in the record herein. From an examination of the pertinent evidence it appears that the promissory note was never placed in the actual physical possession of the payee thereof. However, the fact, as in substance was found by the trial court, that immediately following its execution, which took place in the presence of the payee, by the implied consent of both parties thereto the note was placed in escrow in the possession of a third person,—considering the passing of the events upon the happening of which the payee of the note became entitled to its possession, constituted an effective legal delivery of the note to its payee. Without herein setting forth the facts upon which are

predicated the findings made by the trial court relative to the conditions of said escrow of the promissory note, and upon the fulfilment thereof the ensuing right of its payee to its delivery to him, it may suffice to state that in the opinion of this court the objection presented by appellants relative to the sufficiency of the evidence to sustain such findings is lacking in legal merit and therefore cannot be sustained. Based upon like conditions appearing in the transcript of the evidence adduced on the trial of the action, must also fail each of the several objections to certain other findings of fact urged by appellants referring specifically to the notice by respondent to appellants of the assignment of the promissory note by its payee to plaintiff; the lawful ownership by plaintiff of the promissory note and the ensuing right by him of its physical possession; and for a certain period, in derogation of plaintiff's rights in the premises, the withholding of possession of the promissory note from plaintiff by the appellant syndicate and its trustees, and thereafter the like withholding from plaintiff of such promissory note by one Joseph Musgrove—all for the purpose of preventing plaintiff from "obtaining the money described in the note".

One of the defenses to the action pleaded by the defendants in substance was that plaintiff's assignor was indebted to the defendant Ambassador Park Syndicate in a much larger sum of money than was owing by it to the payee of the promissory note. In pleading such defense a wealth of evidentiary, as well as pertinent ultimate facts, were alleged. By its finding of fact, instead of treating separately each ultimate fact respectively so alleged in the answer of the defendants, the trial court contended itself in that regard with a blanket finding "that no proof was adduced before the court that the defendant DuBain (the payee of the note) was indebted to the Ambassador Park Syndicate, a common law trust, or its trustees, at any time in any amount". With reference thereto it is here contended by appellants that the finding made by the trial court "does not amount to a finding that the facts pleaded by defendant Ambassador Park Syndicate by way of set-off are untrue". However, from a consideration of the questioned finding, as well as of other findings made by the trial court, it at once becomes apparent that had the court

made specific findings on each of the several issues of ultimate fact in that regard tendered by the answer of the defendants, such findings and each of them necessarily would have been against and contrary to the allegations of fact contained in said answer. █ In this state the rule repeatedly has been announced that when the record discloses the fact that, although the trial court has failed to find on a material issue, if it also appear that had a finding been made on such issue it would have been adverse to the contentions advanced by the appellant, the judgment of the lower court should not be disturbed because of such omission. (*Hutchings* v. *Castle*, 48 Cal. 152, 156; *People* v. *Center*, 66 Cal. 551, 564 [5 Pac. 263, 6 Pac. 481]; *McCourtney* v. *Fortune*, 57 Cal. 617, 620; *Winslow* v. *Gohransen*, 88 Cal. 450, 452 [26 Pac. 504]; *Demartin* v. *Demartin*, 85 Cal. 71, 75 [24 Pac. 594]; *Southern Pac. R. R. Co.* v. *Whitaker*, 109 Cal. 268, 274 [41 Pac. 1083]; *Reed* v. *Johnson*, 127 Cal. 538, 541 [59 Pac. 986]; *Craig* v. *Gray*, 1 Cal. App. 598, 601 [82 Pac. 699]; *Gerth* v. *Gerth*, 7 Cal. App. 735, 737 [95 Pac. 904]; *U. S. Trading Corp.* v. *Newmark G. Co.*, 56 Cal. App. 176, 191 [205 Pac. 29]; *Lincoln* v. *Hoggard*, 66 Cal. App. 196, 199 [225 Pac. 770]; *Rossiter* v. *Thompson*, 66 Cal. App. 491, 498 [226 Pac. 809]; *Platt* v. *Okamoto*, 95 Cal. App. 297, 298 [272 Pac. 613].)

█ But it is clear that such a conclusion does not necessarily prejudice the further point advanced by appellants, to wit, that the finding to the effect that plaintiff's assignor was not indebted to the Ambassador Park Syndicate is not supported by the evidence. On the trial of the action, in attempting to prove that prior to the date of the assignment of the promissory note in question to plaintiff the assignor of plaintiff was indebted to Ambassador Park Syndicate, the defendants introduced in evidence the judgment-roll in another action wherein by the judgment therein it was disclosed that Ambassador Park Syndicate had recovered judgment against plaintiff's assignor for an amount of money largely in excess of the amount claimed by plaintiff in the instant action. As appeared by the record and files in the action so introduced in evidence, the cause of action therein was based upon the alleged fraud of plaintiff's assignor acting in a fiduciary capacity in connection with the sale by and through the efforts of plaintiff's

assignor of a large tract of land to the Ambassador Park Syndicate, by means of which fraud plaintiff's assignor had realized a secret profit. It was also shown that said judgment was brought about by the consent and the stipulation of the parties to the action. Offsetting the effect of said judgment, plaintiff introduced evidence which tended to establish the fact that said judgment was induced by fraud of the defendants in the instant action and by collusion between or among the parties litigant in the action in which such judgment was rendered—all for the purpose of defeating the recovery of a judgment in the instant action. With reference to such situation, the specific findings of fact made by the trial court are in accordance with the contentions of plaintiff, and an examination of the evidence adduced in relation thereto leads this court to the conclusion that such findings were based on sufficient evidence to support the same. However, controverting the effect of such ruling, and citing the case of *Jeffords* v. *Young,* 98 Cal. App. 400, 406 [277 Pac. 163], appellants contend that "equity will not overturn a judgment unless it appears that a like judgment will not follow". But assuming the correctness of the suggested principle of law, as far as concerns the facts herein "it proves too much". On the trial of the action the issue of whether any prior indebtedness existed against plaintiff's assignor and in favor of Ambassador Park Syndicate was squarely drawn,—just as it was in the original action between the syndicate and plaintiff's assignor,—and in which latter action judgment was rendered against the defendant therein by and with his consent thereto. However, the difficulty of applying the legal principle as suggested by appellants lies in the fact that, after hearing the evidence relative to the issue of such indebtedness, instead of rendering a judgment thereon identical with that rendered in the former action, the trial court made its findings as hereinbefore indicated, to wit: "that no proof was adduced . . . that the defendant Du-Bain was indebted to Ambassador Park Syndicate, or its trustees, at any time in any amount". From which situation it becomes manifest that the application of the principle of law to which appellants have directed attention is wholly impracticable, unless the findings of fact in question, the conclusion of law thereon, and the ensuing judg-

ment were not supported by the evidence. In that connection, although after an examination of the evidence adduced on the trial of the action relative to the issues here under consideration, from its viewpoint thereon this court is unprepared to state that such evidence did not largely preponderate in favor of the contention of appellants herein, nevertheless, from the same source of information, it would appear that some substantial evidence was introduced which, if believed to be true by the trial court, furnished sufficient foundation for the conclusion in question. It therefore would seem to follow that the defense interposed by the defendants in the action relative to a former indebtedness of plaintiff's assignor to Ambassador Park Syndicate should not be permitted to prevail.

■ Another defense presented by the defendants to the instant action was that of "*res judicata*", in that, prior to the institution thereof, in a former action between the same parties, which action involved a subject matter identical with that involved in the instant action, on the hearing of a demurrer to the complaint therein on the ground that the complaint failed to state a cause of action, said demurrer was sustained without leave to amend the complaint, and thereupon said action was by the court dismissed. In that connection, appellants contend that plaintiff herein is precluded from maintaining the action for the reason that it appears that a former action for the same cause, between the same parties, identical with the parties litigant in the instant action, was dismissed "on the merits". However, assuming as correct the suggestion that the former action was "between the same parties" and that it was dismissed "on the merits", the respondent urges the point that, since the cause of action in the one action was not identical with that in the other, the rule suggested by appellants has no application to the facts therein. An examination of the complaint in each of the two actions reveals the fact that the former action was based upon alleged tort, and that the plaintiff therein sought damages against the several defendants therein because of their alleged fraudulent acts as against the plaintiff; whereas the cause in the instant action arises from the alleged breach by the defendants of an express contract, to wit, their failure to pay the promissory note when due. ■ Although a mere difference in the

form of the action will not necessarily prevent a bar, if the cause of action is the same and "the same evidence will support each action" (*Taylor* v. *Castle*, 42 Cal. 367, 372) the principle of law is well established that "if the plaintiff has mistaken his legal remedy or the proper form of action, and the judgment goes against him for that reason, it is no bar to a second action rightly brought". (15 Cal. Jur. 173, and cases there cited.) Considering the facts as portrayed by the complaints in the respective actions here under consideration, it is obvious that in the first action filed by the plaintiff he mistook "his legal remedy". It is likewise apparent that entirely different evidence would be required to sustain a judgment in the first action, which sounded in tort, from that which would support a judgment arising from the breach of an obligation to pay a promissory note. The necessary conclusion is that the instant action was not barred by the judgment in the former action, and that the findings of fact with relation thereto were sustained by the evidence.

██ As hereinbefore stated, preceding the commencement of the action which appellants have herein contended constituted a bar to the instant action, the subscribers to and members of the Ambassador Park Syndicate instituted an action for the purpose of recovering a judgment against plaintiff's assignor and several of his associates on account of the secret profit alleged to have been realized by the defendants in said action in the matter of the sale of the tract of land to this defendant syndicate. In that action, the plaintiffs therein caused a writ of attachment to issue, which was served upon the Pacific-Southwest Trust and Savings Bank, as trustee for the syndicate, the purpose of such attachment being to subject the promissory note of the syndicate in favor of plaintiff's assignor to the levy of execution of any judgment which might be recovered in the action.

By its separate answer in the instant action the Ambassador Park Syndicate pleaded as a separate defense thereto the judgment recovered by said syndicate in said last-mentioned action against plaintiff's assignor, the levying of execution on said promissory note under defendants' said attachment, and the execution sale of said promissory note, together with the alleged fact that after applying the proceeds of said sale to the satisfaction of said judgment a de-

ficiency judgment still remained in favor of Ambassador Park Syndicate and against plaintiff's assignor.

With reference to such situation, appellants complain of the insufficiency of the evidence to sustain the findings of fact made by the trial court to the effect that the attachment to which reference has been had never became effective, as far as it purported to affect the promissory note which is the subject matter of the instant action. However, such objection may not be sustained for the reason that an examination of the record herein discloses at least the following facts in evidence upon which the conclusion made by the trial court as to the ultimate fact in question properly may have been based, to wit: The bank upon which the attachment was served was not a trustee for said syndicate except for a special purpose, not including the handling of the promissory note in question; nor at the time the attachment was served did said bank have said promissory note in its possession; nor, according to the oral agreement of the parties to said note, had said note become due at said time.

Several other findings made by the trial court in connection with the binding effect of the said attachment and the judgment in the action in which the same was rendered are also the subject of appellants' attack. Without herein setting forth the particulars of such objections, it may suffice to state that they relate either to matters as to which has been indicated a conclusion by this court adverse to the suggestions of appellants with reference thereto; or, that appellants' criticisms of such findings are directed toward facts which, in consideration of the views of this court which hereinbefore have been expressed, are not material. But, in any event, after an examination of the evidence which pertains to such findings, this court is of the opinion that in each instance it is sufficient to support the same.

■ Appellants further object to the allowance in the judgment rendered herein of an attorney's fee of $1500. Since it appears that the complaint in the action contained no allegation whatsoever regarding attorney's fees, and that no claim was made on the trial of the action with reference thereto, it follows that no foundation was laid either for the finding of fact to which appellants object nor for that part

of the judgment which includes such attorney's fees. (*Prescott* v. *Grady*, 91 Cal. 518, 522 [27 Pac. 755]; *Brooks* v. *Forington*, 117 Cal. 219 [48 Pac. 1073]; *De Jarnatt* v. *Marquez*, 127 Cal. 558, 559 [78 Am. St. Rep. 90, 60 Pac. 45]; *City Inv. Co.* v. *Pringle*, 49 Cal. App. 353, 355 [193 Pac. 504].) It follows that the judgment of the lower court should be reduced by deducting therefrom the sum of $1500.

It is ordered that the judgment be and it is modified by deducting from the judgment rendered by the trial court the sum of $1500 as and for attorney's fees. As thus modified, it is ordered that the judgment be and it is affirmed. The appeal from the order denying defendant's motion for new trial is dismissed.

Conrey, P. J., and York, J., concurred.