[Civ. No. 4967.   Third Appellate District.—January 19, 1935.]

JONATHAN JACOBS, Appellant, v. NORWICH UNION FIRE INSURANCE SOCIETY LIMITED (a Corporation), Respondent.

Albert Picard and Francis McCarty for Appellant.

Percy V. Long and Bert W. Levit for Respondent.

PULLEN, P. J.—Plaintiff sued defendant on a policy of insurance to recover for losses occasioned by the destruction by fire of personal property belonging to him.

The cause was tried before a jury and at the request of plaintiff the court submitted to the jury the following query:

"I instruct you that if the jury finds a verdict for the defendant you must state whether this verdict is based solely upon the ground that an appraisement of the loss was not had prior to the commencement of this action for a reason attributable to the plaintiff and/or the appraiser appointed by the plaintiff. Answer yes or no."

The jury returned a general verdict in favor of defendant, and in addition answered the foregoing query in the affirmative. On the day the verdict was returned a judgment was filed, recorded and docketed in the usual form. This judgment, after reciting the title of the court and cause, set forth in full the verdict and the special verdict, concluding with this paragraph:

"Whereof by virtue of the law and by reason of the premises aforesaid, it is ordered, adjudged and decreed that said defendant Norwich Union Fire Insurance Society Limited, a corporation, have and recover from said plain-

tiff Jonathan Jacobs, costs and disbursements incurred in this action, amounting to the sum of $——.'' A receipt of a copy of the notice of entry thereof was received and acknowledged by plaintiff October 3, 1932.

Upon the entry of this judgment plaintiff gave notice of intention to move for a new trial but thereafter and prior to the day set for the argument thereon withdrew this motion for a new trial and offered to stipulate that the judgment entered might be considered a final judgment and the action abated upon the ground that an appraisement of the loss was not had prior to the commencement of the action. This proposal defendant refused to accept, whereupon on October 17th plaintiff filed a waiver of his right to move for a new trial and stipulated that the judgment be considered a final judgment.

Upon the same day that plaintiff filed this waiver said judgment was upon *ex parte* request of plaintiff amended by interlineation, by the addition of the following words, immediately following the judgment as ordinarily entered: ''Solely upon the ground that an appraisement of the loss was not had prior to the commencement of the above entitled action.''

Thereafter a copy of the judgment as amended was mailed by the county clerk to defendant. Upon receipt of the judgment as amended, defendant on October 31, 1932, moved to amend the judgment by striking therefrom the portion added thereto by the *ex parte* order, which motion to strike was granted on November 14, 1932, and it is from this order amending the judgment that plaintiff now appeals, claiming generally that the court was without authority to make the amendment.

It is probably true, as urged by respondent, that the court should not have amended the original judgment after entry upon the *ex parte* application of appellant. As was said in the case of *White* v. *White*, 130 Cal. 597 [62 Pac. 1062, 1063, 80 Am. St. Rep. 150]: ''The judgment rendered was a final adjudication of the rights of the parties, and was conclusive not only as to the relief granted but as to the relief denied or withheld. (Code Civ. Proc., sec. 1908.) Upon its entry the jurisdiction of the court over the subject-matter of the suit and the parties was exhausted, unless preserved in the mode prescribed by statute.''

The method prescribed is clearly set forth in section 663a of the Code of Civil Procedure, or in a proper case relief may be had by proceeding under section 473 of the Code of Civil Procedure, but we do not believe the proposed amendment either in or out of the judgment affected the substantial rights of the parties nor that the judgment was essentially different in either case.

■ At the request of plaintiff a query was put to the jury. It is true the form was not all that might be desired. Respondent insists that by the question the jury were not directed to find upon a particular question of fact as required by section 625 of the Code of Civil Procedure but merely called for a statement from the jury of their reason for, or the basis of their general verdict. We believe respondent is construing the query too literally. Undoubtedly the jury felt they were answering an interrogatory as to whether or not an appraisement of loss had been made prior to the commencement of the action. We believe the reply to the interrogatory may be fairly construed as a special verdict and as such was controlling over the general verdict. (Sec. 625, Code Civ. Proc.)

■ If the jury by their special verdict found, as we believe they did, that no appraisement had been made prior to the commencement of the action, then the judgment is one in abatement and not in bar. (*Offutt* v. *California Fire Ins. Co.*, (Mo. App.) 273 S. W. 161; *National Fire Ins. Co.* v. *Lam*, 34 Ga. App. 246 [129 S. E. 116]; *William Cameron & Co.* v. *Bassel*, (Tex. Civ. App.) 252 S. W. 1081.) Also, the use of the word "solely" in the special verdict disposes of the claim of the insurance company that in certain of its separate defenses it set up actions in bar which it claims were found in its favor by the general verdict.

■ The judgment as originally entered contained the general verdict as well as the special verdict and it required no recital in the judgment to give life or vitality to the special verdict. The judgment speaks the language of the verdicts. One looks not to a recital in the judgment to determine its legal effect but to the substance of the judgment itself, and a study of the general verdict and the special verdict fully informs the parties of the findings of the jury and from which the law draws its conclusions. The jury having declared by their special verdict that they

found in favor of defendant *solely* upon the ground that an appraisement of the loss was not had prior to the commencement of the action for a reason attributable to plaintiff and/or to the appraiser appointed by plaintiff, of itself determines the judgment to be one in abatement and not in bar.

We therefore hold that the judgment as rendered by the jury was a judgment in abatement; furthermore that the order of the trial court amending the judgment, by striking therefrom the words "solely upon the ground that an appraisement of the loss was not had prior to the commencement of the above entitled action", was proper in the premises, but did not prejudice the rights of either party to the action.

The order is affirmed.

Thompson, J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 18, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 18, 1935.