Filed 6/12/25  Marriage of Gilbert CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re the Marriage of MAURICE and ISABEL GILBERT.

MAURICE GILBERT,

     Appellant,

v.

ISABEL GILBERT-BARRIOS et al.,

     Respondents.

E082826

(Super.Ct.No. FAMSB2200803)

ORDER MODIFYING OPINION

[NO CHANGE IN JUDGMENT]

The petition for rehearing filed by appellant on May 29, 2025, is denied.  The opinion filed in this matter on May 14, 2025, is modified as follows:

In the "DISCUSSION" section we insert a new subdivision "F" as follows:

F.     OTHER TOPICS MENTIONED IN HUSBAND'S BRIEF

In a petition for rehearing, Husband contended this court failed to address a number of issues raised in his appellant's opening brief.  Husband's

1

brief includes many short sections that lack developed arguments. For example, one section reads:

"**Every Matter Within Scope of the Action**

"The judgments(CT 1296,1899,1463,1319) are also conclusive; If the matter was within the scope of the action, related to the subject matter, and relevant to the issues, so that it could have been raised, the judgments(CT 1296,1899,1463,1319) are conclusive on it despite the fact it was not expressly pleaded or otherwise urged, See Mitchell 172 Cal.App.2d 580, 585, Shore 43 Cal.2d 677, 682. [¶] (Res Judicata raised CT 1960, 1964, 1969)" {AOB 38}

We read the foregoing as Husband providing law about the conclusiveness of judgments. There is no analysis provided by Husband. Many sections of Husband's brief read in a similar fashion. To the extent Husband intended those sections of his brief to present contentions on appeal, those contentions are forfeited due to a lack of reasoned legal analysis. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; *BioCorRx, Inc. v. VDM Biochemicals, Inc.* (2024) 99 Cal.App.5th 727, 743.)

Prior subdivision "F," "MOTIONS," is now termed subdivision "G."

Except for these modifications, the opinion remains unchanged.  The

modification does not effect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                                                              J.


We concur:


McKINSTER _____
                    Acting P. J.


RAPHAEL _____
                              J.

Filed 5/14/25  Marriage of Gilbert CA4/2 (unmodified opinion)

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re the Marriage of MAURICE and ISABEL GILBERT.

MAURICE GILBERT,

      Appellant,

v.

ISABEL GILBERT-BARRIOS et al.,

      Respondents.

E082826

(Super.Ct.No. FAMSB2200803)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Carlos M. Cabrera, Judge.  Affirmed.

Maurice Gilbert, in pro. per., for Appellant.

No appearance for Respondent Isabel Gilbert-Barrios.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Gregory D. Brown and Nicolas P. Rossenblum, Deputy Attorneys General, for Respondent Riverside County Department of Child Support Services.

1

This opinion constitutes this court's fourth time addressing this child support matter. (*In re Marriage of Gilbert* (July 9, 2019, E070292) [nonpub. opn.]; *In re Marriage of Gilbert* (Nov. 19, 2019, E071428) [nonpub. opn.]; *In re Marriage of Gilbert* (Nov. 13, 2023, E077917) [nonpub. opn.].)

In 2014, the Riverside County family court (the family court) entered an order that appeared to require Isabel Barrios-Gilbert (Wife) to pay child support to Maurice Gilbert (Husband). However, that part of the order contradicted the family court's findings within the same order. The findings reflected Husband should pay child support to Wife, who had custody of their child the majority of the time.

In 2021 the case was transferred to the San Bernardino County family court (the San Bernardino Court). In the San Bernardino court, the Riverside County Department of Child Support Services (the Department) sought to have the 2014 order corrected to reflect that Husband owed child support—not Wife. The San Bernardino court granted the Department's motion.

Husband raises five issues on appeal. First, Husband contends the San Bernardino court could not modify the 2014 order utilizing Code of Civil Procedure section 473, subdivision (d). Second, Husband contends the 2014 order cannot be modified because it was based on a stipulation, and he would not have stipulated to the modification. Third, Husband asserts the modification violated his property rights. Fourth, Husband contends the error in the 2014 order was an invited error. Fifth, Husband contends that the Department should not be involved in the case. We affirm.

## FACTS

A.    2004 THROUGH 2014

Husband and Wife share an adult child (Child) who was born in 2004. In August 2005 Husband petitioned for dissolution of his marriage to Wife. Wife filed her own petition for dissolution of the marriage in October 2005. The two cases were consolidated in November 2005; in the consolidated case, Husband was designated as the petitioner and Wife as the respondent. In 2008, the family court filed the judgment of dissolution in the case. In June 2011, the family court ordered Husband to pay monthly child support of $685.

On July 7, 2014, the Department prepared a stipulation and order reducing the amount of monthly child support to $338 (the 2014 order). On the 2014 order, on the line reading "The parent ordered to pay support is the," the Department marked the box next to "respondent/defendant," which was Wife. However, the printout detailing Husband and Wife's finances, reflects that the non-custodial parent is the one who must pay $338 per month in child support; the non-custodial parent was Husband. The printout was incorporated into the stipulation and order as part of the family court's findings.

B.    2016 THROUGH 2017

In November 2016 Wife petitioned the family court for an order increasing the amount of child support paid by Husband because Wife believed Husband was earning more money than he had been earning in 2014. In May 2017 the family court increased

Husband's monthly child support payment to $1,233 effective December 2016, which meant Husband was immediately found to owe arrears of $7,398.

### C.    2019 THROUGH 2020

In 2019, at 15 years old, Child decided to live with Husband in San Bernardino County. Physical custody of Child was awarded to Husband with Wife having visitation. In November 2020, the family court reduced Husband's child support payments to $0 and ordered Wife to pay child support.

### D.    HUSBAND SEEKS TO HAVE WIFE FOUND TO OWE ARREARS

In June 2021 Husband filed a notice of delinquency against Wife for the $338 monthly child support payments that Husband alleged were owed from February 2014 to November 2016. Husband attached the 2014 order to his notice as evidence that Wife was the parent required to pay child support during that time period. In September 2021 the Department moved the family court to correct the 2014 order to reflect "the accurate and true intention was for [Husband] to pay child support."

### E.    DEFAULT JUDGMENT

In December 2021 the case was transferred from the family court in Riverside County to the San Bernardino court. In October 2022, in the San Bernardino court, Husband obtained a default judgment against Wife for child support arrears of $26,613.47 for the period of 2014 to 2016 (the 2022 judgment).

### F.    THE DEPARTMENT'S MOTION

In February 2023 the Department informed the San Bernardino court that the Department's motion to correct the 2014 order "fell off [the] calendar" when the case

4

transferred from Riverside to San Bernardino. The Department requested the San Bernardino court rule on the motion that the Department had made in September 2021. The Department contended the 2014 order contained a clerical error in that it identified Wife as the parent required to pay child support. The Department asserted the San Bernardino court could correct the 2014 order pursuant to Code of Civil Procedure section 473, subdivision (d)[1], which permits a court to "correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed."

G.     OPPOSITION

In opposition, Husband contended the 2014 order was "the actual judgment entered," so there was no clerical error in the entry of judgment (§ 473, subd. (d)). Husband contended the Department would have needed to bring a motion for relief due to mistake within six months of the 2014 order under section 473, subdivision (b), if it wanted to correct a problem with the identity of the parent owing child support.

H.     RENEWED MOTION

In May 2023, the Department filed a renewed motion to correct the error made in the 2014 order (§ 473, subd. (d)). The Department asserted the error should be fixed to conform with the findings in the "calculation printout attached to the [2014] order," which identified Husband as the parent required to pay child support.

---

[1] All subsequent statutory references will be to the Code of Civil Procedure unless otherwise indicated.

## I. WRIT OF EXECUTION

In the San Bernardino court, Husband obtained a writ of execution against Wife for $26,653.47 for the 2022 judgment. Wife obtained a stay of the writ. In a declaration, Wife declared that (1) she and the Department were not properly served notice of the hearing that led to the 2022 judgment, (2) Wife did not owe Husband child support from 2014 to 2016, and (3) the Department had tried to correct the error in the 2014 order that indicated Wife owed child support.

## J. RULING

The San Bernardino court's ruling on the Department's motion reads: "The court grants the [Department's] request to correct a clerical error contained in the [2014 order] as to the designated party order[ed] to pay support . . . . The [2014 Order] is corrected to read . . . that the parent ordered to pay support is [Husband] rather than [Wife]. [¶] The court grants the [Department's] request to vacate the [2022] Judgment . . . . The court makes a finding that the [2022] Judgment was based on a void order (as the [2014 order] is hereby corrected to reflect that [Husband] rather than [Wife] is the obligor)."

## DISCUSSION

### A. LEGAL AUTHORITY TO MODIFY THE 2014 ORDER

Husband contends the 2014 order was not void and did not include a clerical mistake.

"The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment

6

or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order." (§ 473, subd. (d).)

"A judgment is 'void' only when the court entering that judgment 'lack[ed] jurisdiction in a fundamental sense' due to the ' "entire absence of power to hear or determine the case" ' resulting from the ' "absence of authority over the subject matter or the parties." ' " (*People v. North River Insurance Co.* (2020) 48 Cal.App.5th 226, 233.) There is no indication that the family court or the San Bernardino court lacked fundamental jurisdiction. Accordingly, the 2014 order is not void.

The 2014 order included an incorrect checkmark when it was signed by the judge. There was not an error made by the clerk entering an order directed by the judge. However, we need not decide in this opinion whether section 473, subdivision (d), encompasses this particular situation. For the sake of judicial efficiency, we will assume, without deciding, that Husband is correct in asserting section 473, subdivision (d), does not apply.

Assuming section 473, subdivision (d), was the incorrect legal authority, the error is harmless. "It is well settled that a court has the power, regardless of the lapse of time, to correct judgments and orders on its own motion so as to make them conform to the judicial decision actually made. This power exists independently of statute. [Citations.] . . . 'It is primarily for the trial judge to determine whether a decision misstated his real intention and whether the judgment as signed was an inadvertence. The trial court, independently of statute, has the power to correct its mistakes and

7

amend its orders which are not the result of an exercise of judicial decision.' "

(*Krouzian v. Hagopian* (1959) 167 Cal.App.2d 251, 253.)

The portion of the 2014 order requiring Wife to pay child support conflicts with the family court's finding that Husband, as the non-custodial parent, should pay child support. It also conflicts with how the 2014 order was applied in that Husband continued paying child support in 2015 and 2016, which indicates an understanding by those involved that Husband was the party meant to pay support. Given (1) the conflict between the order and the findings, and (2) Husband's act of continuing to pay child support after the 2014 order was filed, we conclude the checkmark next to "respondent" for the parent who should pay support was a mistake and the San Bernardino Court had authority to fix that mistake. So, if section 473, subdivision (d), was not the proper authority for making the correction, there was other authority for the action, which renders the alleged error harmless.

B.     STIPULATION

Husband contends the 2014 order cannot be modified because it was based on a stipulation, and he would not have stipulated to the modification. The first problem with this assertion is that, as part of the stipulation, Husband agreed that "[t]he printout, which shows the calculation of child support payable, will become the court's findings," i.e., the printout reflecting that Husband would pay child support. The second problem with the assertion is that, after the 2014 order was entered, Husband continued paying child support. Husband's actions indicate that he understood the stipulation as requiring

8

Husband to pay child support—not Wife.  In sum, Husband's contention is not persuasive.

C.     PROPERTY RIGHTS

Husband asserts the setting aside of the 2022 judgment violated his constitutional right not to be deprived of property.

The 14th Amendment provides: "No State shall . . . deprive any person of . . . property, without due process of law."  (U.S. Const. Amend XIV, § 1.)  " 'The essence of due process is the requirement that "a person in jeopardy of serious loss [be given] notice of the case against him and [the] opportunity to meet it." ' "  (*Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 212.)

Husband did not face a loss because the checkmark on the 2014 order was a typographical error in that it contradicted the family court's findings.  Moreover, Husband received due process prior to the 2022 judgment being vacated.  In February 2023 the Department sought to have the 2014 order corrected.  Husband opposed the motion.  A hearing was held in August 2023; Husband attended the hearing and presented his argument.  In sum, the record shows Husband had notice of the Department's arguments, filed his opposition, and made his arguments at a hearing on the matter.  Given that history, we conclude Husband received due process.

D.     INVITED ERROR

Husband contends the error in the 2014 order was an invited error because the 2014 order was prepared by the Department.  "An error is invited when a party

9

purposefully induces the commission of [an] error." (*Khoiny v. Dignity Health* (2022) 76 Cal.App.5th 390, 419.) The requirements of the invited error doctrine are: " ' "affirmative conduct demonstrating a deliberate tactical choice on the part of the" ' " party who induced the error. (*Ibid.*) Given the conflict between the 2014 order and the findings, it appears the error in checking the box next to "Respondent" was a mistake— not a deliberate tactical choice. Accordingly, we are not persuaded by Husband's reliance on the doctrine of invited error.

### E. THE DEPARTMENT AS A PARTY

Husband contends that the Department should not be involved in this case.

A child support agency "shall take appropriate action . . . to establish, modify, and enforce child support . . . orders if the child is receiving public assistance" (Fam. Code, § 17400, subd. (a)(1).) " 'Public assistance' means any amount paid under the California Work Opportunity and Responsibility to Kids Act (Chapter 2 (commencing with Section 11200) of Part 3 of Division 9 of the Welfare and Institutions Code)." That Act is referred to as CalWORKS. (Welf. & Inst. Code, § 11200.) Temporary Assistance for Needy Families (TANF) is administered under CalWORKS. (Welf. & Inst. Code, § 11203, subd. (c).)

In a declaration, Wife declared, "I am currently living on welfare for my child." That sentence supports a finding that Child was receiving public assistance. There is also a document in the record, in Spanish, addressed to Mother from the Riverside County Department of Public Social Services, discussing her CalWORKS benefits.

Because Child received welfare/TANF payments from CalWORKS, it was proper for the Department to seek to modify and enforce the child support orders in this case.

Husband asserts Wife never received payments through TANF because she did not establish her eligibility. In her declaration, Wife declared, "I am currently living on welfare for my child and reside at a home where I can only afford a room with my child." Thus, the record supports a finding that Wife received welfare/TANF payments.

Next, we discuss the Department's ongoing involvement in the case. A child support agency's "action to recover an arrearage in support payments may be maintained by the local child support agency at any time within the period otherwise specified for the enforcement of a support judgment, notwithstanding the fact that the child has attained the age of majority." (Fam. Code, § 17400, subd. (e).) Per the express language of the statute, a child reaching the age of majority does not prevent a child support agency from seeking to recover arrears. Further, a child support order in California is enforceable "until paid in full or otherwise satisfied." (Fam. Code, §§ 291, subd. (a), 4502.)

It appears from the record that Father has not yet paid the arrears that were immediately created in May 2017 when the family court increased Husband's monthly child support payment to $1,233, and made that modification retroactively effective to December 2016. Interest on that arrearage is also owed. In sum, the Department is properly involved in this case and can remain involved in it until the arrearages are paid in full or are otherwise satisfied.

F.    MOTIONS

In this court, Husband moved to strike the respondent's brief filed by the Attorney General.  Husband contended the Attorney General should not be representing the Department.  Husband filed a separate motion requesting a hearing on his motion to strike.

There is a single state agency for enforcing child support orders, which is the California Department of Child Support Services (DCSS).  (42 U.S.C.A. § 654(3); Fam. Code, § 17200.)  DCSS administers local agencies in the state's counties.  (Fam. Code, §§ 17202, subd. (b), 17210, 17314.)  Statutory law provides:  "In all actions involving paternity or support . . . the local child support agency and the Attorney General represent the public interest in establishing, modifying, and enforcing support obligations."  (Fam. Code, § 17406, subd. (a).)  Because there is statutory authority supporting the Attorney General's involvement in this case, we deny Husband's motion to strike the respondent's brief and his motion for a hearing on the motion to strike.

**DISPOSITION**

The order is affirmed.  Respondent Riverside County Department of Child Support Services is awarded its costs on appeal, if any.[2]  (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

---

[2]  We do not award costs to respondent Isabel Gilbert-Barrios because she did not make an appearance in this court.

12

J.

We concur:


McKINSTER                                    
Acting P. J.


RAPHAEL                                       
J.

13